GILLESPIE & McCULLEY v. JAMES HOLLAND ET AL.

**1. Assertion of Ownership by Party Wrongfully Taking Property not Prerequisite to Action for Conversion.**

It is not necessary for the party taking wrongful possession of personal property of another to assert absolute ownership of the property in order to give the owner, who is entitled to the immediate possession, the right to an action for conversion, but any unauthorized act which deprives the owner of the possession of his property, or the exercise of any dominion over the property inconsistent with his possession, is sufficient.

**2. Bar of Four Years' Limitation Runs from Accrual of Right of Action for Conversion.**

The statute of limitations begins to run at the time the right of action accrued, and an action for the conversion of personal property is barred within four years after that time.

[Syllabus by the court.]

ERROR.

*R. T. Scott,* for plaintiffs.
*Rosemond, Bell & Dugan,* for defendants.

**POLLOCK, J.**

The defendants in error brought an action in the court of common pleas of this county, in which they alleged that on or about the — day of October, 1908, the plaintiffs in error wrongfully converted to their own use certain articles of household furniture owned by the defendants in error.

The answer of the defendants below contained two defenses, but it is now only necessary to refer to the second defense, which was a plea of the statute of limitations, alleging that the cause of action did not accrue within four years prior to the bringing of the action.

The case went to trial to a court and jury, resulting in a verdict and judgment in favor of the plaintiffs below, and to reverse that judgment this action is prosecuted.

Gillespie v. Holland.

The plaintiffs below had been residents of the city of Cambridge, and the defendants were engaged in the furniture business in that city. While the plaintiffs below were living in that city they purchased from defendants below some articles of furniture and failed to pay the entire purchase price, leaving unpaid $25.85. Sometime after the purchase of this furniture plaintiffs below stored this and other furniture which they owned, in a room in the city, and moved to the state of Illinois. After plaintiffs below left the city the defendants below took this furniture from the room where plaintiffs had stored it, into their own possession and placed it in their storeroom. They had no lien on any of the furniture but only an account against plaintiffs below for the amount referred to above.

On January 22, 1907, after defendants below had taken possession of the furniture, they wrote to plaintiffs below stating that they had taken possession of their furniture, and that there was a balance due then of $25.85, and one dollar storage, and that they were willing to sell sufficient of these goods to pay their claim, and to send plaintiffs below the balance of the goods.

After this the defendants below wrote plaintiffs below a number of letters saying that they would sell the furniture, and apply the amount received therefor to the payment of their claim, unless plaintiffs below paid the claim. The last letter was written on May 5, 1908, saying that if plaintiffs below did not promptly comply with this request that defendants below would take judgment and sell this property. In all these letters defendants below say that the furniture is the property of plaintiffs below, but they always asserted their intention to hold this property until the debt which plaintiffs below owed them was paid, and if their demand was not complied with they would sell the property. Plaintiffs below gave defendants below no right to take the property from the room in which it was stored to their storeroom. The defendants below retained possession of this furniture until some time after July 12, 1903, and then sold it.

At the close of the testimony the defendants below requested the court to give the jury in charge the following:

"If you find that the defendants took unlawful possession of the personal property in the petition described, then the court says to you that the cause of action in favor of the plaintiffs accrued at the time of the taking, if plaintiffs then knew of the same, but if they did not know, then as soon as they discovered that the goods had been taken, and the party who had taken them."

This was refused by the court and exceptions noted. In the general charge the court said in substance that if defendants were holding these goods as goods of plaintiffs, then a cause of action would not accrue until after defendants sold such goods, and if that were after July 12, 1908, then the statute of limitations would not have run against the action, the petition having been filed July 12, 1912.

The only question to be determined by this court in this action is whether the cause of action accrued at the time defendants below took the furniture from the room in which it had been stored by plaintiffs below into their possession, and removed it to their storeroom, or at the time defendants sold this furniture.

The right to an action of conversion of personal property depends upon the wrongful possession by one party of the property of another. It is the wrongful taking of the property that gives the right of action to the owner of the property against a wrongdoer. The mere fact that the wrongdoer says, "I have taken possession of your property," does not relieve him from the action of conversion when he has wrongfully taken possession of the property and is asserting the right to retain that possession until some demands of his are complied with. It is not necessary for the party taking wrongful possession of property to assert absolute ownership of the property in order to give the owner of the property the right to an action for conversion. If the owner, entitled to the immediate possession of his property, has been deprived of that possession by the unauthorized act of another, or by the exercise of dominion over the property inconsistent with the right of possession of the owner, it is a conversion of the property.

"Any distinct act of dominion wrongfully exerted over

Gillespie v. Holland.

one's property in denial of his right, or inconsistent with it, is a conversion. 'The action or trover being founded on a conjoint right of property and possession, any act of the defendant which negatives or is inconsistent with such right, amounts, in law, to a conversion. It is not necessary to a conversion that there should be a manual taking of the thing in question by the defendant; it is not necessary that it should be shown that he has applied it to his own use. Does he exercise a dominion over it in exclusion or in defiance of the plaintiff's right? If he does, that is in law a conversion, be it for his own or another person's use.' While, therefore, it is a conversion where one takes the plaintiff's property and sells or otherwise disposes of it, it is equally a conversion if he takes it for a temporary purpose only, if in disregard of the plaintiff's right.'' Cooley, Torts *p. 448.

Of the numerous cases sustaining the principle referred to above we will only cite the following: *Bristol* v. *Burt,* 7 Johns. (N. Y.) 254 [5 Am. Dec. 264]; *Thorp* v. *Robbins,* 68 Vt. 53 [33 Atl. Rep. 896]; *University of N. C.* v. *Bank,* 96 N. C. 280 [3 S. E. Rep. 359]; *Omaha, & G. S. & Ry.* v. *Tabor,* 13 Colo. 41 [21 Pac. Rep. 925; 5 L. R. A. 236; 16 Am. St. Rep. 185].

The defendants below took possession of these goods and removed them to their storeroom prior to July 22, 1907. They did this without the permission of the plaintiffs below. This act was a wrongful taking possession of these goods. It is true that they acknowledged the furniture to be the property of the plaintiffs, but they claimed the right to retain that possession until their account against the plaintiffs below was satisfied, and if not paid by plaintiffs below they claimed the right to sell this property, or sufficient of it, to pay their claim, and afterwards did sell the property.

It is claimed on the part of the plaintiffs in error that the right to an action of conversion did not accrue until the disposal of the property by them. The sale of this property by the defendants below did not affect the title of the plaintiffs below in the property in any way. They had title to the property at the time that it was wrongfully taken, and that title

continued after the sale of the property, until they brought the action to recover damages for the wrongful conversion.

The defendants below had no right to take possession of the property, and they had no right to sell it after taking possession; but the act of the defendants below in selling the property did not in any way change the right of the owners to take possession of the property, or if they saw fit, to recover damages for its wrongful conversion.

"An action for either of the following causes shall be barred within four years after the cause thereof accrued—for the recovery of personal property, or for taking, detaining or injuring." Sec. 11224 G. C.

"The statute of limitations begins to run from the time the plaintiff's cause of action accrues, unless some recognized exception postpones its operation." 19 Am. & Eng. Enc. 193.

"Our attention has been called by the defendants in error to the case of *Glidden* v. *Bank*, 53 Ohio St. 588 [42 N. E. Rep. 995; 43 L. R. A. 737], as sustaining their position that the cause of action did not accrue until the sale. In that case the property had been pledged, and the pledgee sold the property to himself. All the court decides in that case is that the statute of limitations did not begin to run until the pledgee did some act that put it beyond his power to perform the conditions of the pledge. The difference between that case and the one we are now considering is that the pledgee in that case had the rightful possession of the property, and the statute did not begin to run until he violated the conditions of the pledge. In the case we are considering the defendants below never had rightful possession of the property, and the wrong was committed at the time they took possession of this furniture.

Our attention has been called by the defendants in error of *Sammis* v. *Sly*, 54 Ohio St. 511, 519 [44 N. E. Rep. 508; 56 Am. St. Rep. 731]. The only question the court is there discussing is when the title to property which has been wrongfully taken possession of by another passes from the rightful owner, and they hold that the mere intermeddling with another's property in a way to deny his title does not of itself divest his title, but that he may treat it as such by commencing an action for

Gillespie v. Holland.

conversion. We do not think that this in any way affects the question now before us.

It follows that the right to maintain this action accrued at the time the goods were taken possession of by the defendants below, that it was error for the court to refuse the request to charge, and also error to charge as stated. Further, as there is no dispute in the evidence as to the time the furniture was taken possession of by the defendants below, the verdict is against the weight of the evidence.

The judgment of the court below is reversed and the case remanded for further proceedings.

**Metcalfe** and **Norris, JJ.**, concur.