MILLER *v.* UHL.

(Decided October 17, 1929.)

*Messrs. Gnau & Miller,* for plaintiff in error.
*Messrs. Lynch, Day, Pontius & Lynch,* for defendant in error.

LEMERT, J. This cause comes into this court on error from the common pleas court of Stark county, Ohio. It was tried to a jury and a verdict rendered in favor of the plaintiff below. The parties appear in this court in an order the reverse of that in which they appeared in the trial court. The plaintiff in error will be referred to as the defendant, and the defendant in error will be referred to as the plaintiff.

The plaintiff, Elsie Uhl, in her petition filed in the lower court alleged that she was the owner of a motorbus of the value of $6,700, and that on the 10th day of October, 1927, she placed said bus in the possession of the defendant, A. J. Miller, for storage. She further averred that some time thereafter, on or about December 1, 1927, the defendant, contrary to the terms of the bailment, used said motorbus and converted it to his own use.

The defendant in his answer admitted the bailment, admitted that he had used the motorbus in transporting passengers, but averred that he was willing to return it. He further says that no demand had been made for its return, and that such use as he had made of it did not destroy, injure, or impair the bus.

An examination of the record discloses that the bus had been used by the defendant, and been driven something over two thousand miles while in his pos-

session. This evidence was undisputed. On the basis of the testimony, as disclosed by the record, from the examination of the plaintiff, and from the cross-examination of the defendant, the court at the plaintiff's request gave the following charge before argument:

"It is admitted in this case that the plaintiff placed the motor bus owned by her and described in the petition in storage for a stated price per month and it is admitted that thereafter the defendant did use said motor bus in transporting passengers, and I instruct you that the use of said motor bus by the defendant to transport passengers was a conversion of the bus by the defendant, and I therefore instruct you that you have but one question to determine in this case, and that is what was the fair market value of said motor bus in this vicinity at the time of such conversion by the defendant, and you should make your verdict in favor of the plaintiff in the amount you find such value at said time to be."

We also find that the court, in the general charge, after a recounting of the substance of the pleadings and the evidence, says the following:

"Under the evidence in this case, the defendant testified that he used this motor bus for five weeks in case of emergency for the purpose of transporting passengers from place to place. Now the court has instructed you that under these undisputed facts, which the defendant admits and which the plaintiff claims, that as a matter of law this constitutes a conversion of this truck. I need not review that further, except to say to you that for the purpose of this lawsuit on the undisputed facts and the allegations in

the petition and the admissions in defendant's answer, I say to you that it constitutes a conversion of the truck. So that the only thing left for you to determine is what was the fair market value of this truck at the time and place of its conversion.''

A number of assignments of error are made by the defendant, but the only question seriously contended for before this court relates to the correctness of the trial court's charges, both before and after argument.

We believe and find that a conversion is a distinct act of dominion wrongfully exercised over one's property in denial of his right, or inconsistent with it.

We find and believe that the general rule is that a bailee, although lawfully in possession of the property at the time, is guilty of conversion if he has made an illegal use of it, or has abused the conditions under which it was received or delivered to him.

In the work of Burdick on Torts (4th Ed.), on page 420, the author says:

''The tort of conversion ordinarily assumes one of four forms. (1) A wrongful taking under a claim of ownership, or a claim inconsistent with the plaintiff's ownership. (2) An exclusion of the plaintiff from his rightful exercise of dominion, although the defendant's taking was lawful. (3) A wrongful use of the property. (4) Its wrongful detention.''

The Supreme Court of Ohio has established the law of conversion in this state with great clarity and definiteness in *Baltimore & Ohio Rd. Co.* v. *O'Donnell*, 49 Ohio St., 489, on pages 497 and 498,

32 N. E., 476, 478, 21 L. R. A., 117, 34 Am. St. Rep., 579, and in the opinion the court says:

"For, in order to constitute a conversion, it was not necessary that there should have been an actual appropriation of the property by the defendant to its own use and benefit; it might arise from the exercise of a dominion over it in exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights. If one take the property of another, for a temporary purpose only, in disregard of the owner's right, it is a conversion. Either a wrongful taking, an assumption of ownership, an illegal use or misuse, or a wrongful detention of chattels, will constitute a conversion."

We find that the Court of Appeals of Hamilton county followed this rule in *Great American Mutual Indemnity Co.* v. *Meyer,* 18 Ohio App., 97. The same rule applies in other jurisdictions. In *Baxter* v. *Woodward,* 191 Mich., 379, 158 N. W., 137, Ann. Cas., 1918C, 946, it is held that if a bailee uses the subject of a bailment in a different way or to a greater extent than authorized, such unauthorized use is a conversion, for which the bailor may maintain trover for the value of the chattel. And where there is an overt act of conversion, no demand by the owner is necessary before bringing the action.

So we have in this case a bailee, to whom a motorbus was delivered for storage purposes at a specified rate per month, assuming to use and using said motorbus for his own purposes over a period of five weeks, all of which is shown by the testimony. The evidence is uncontradicted that the bus was run ap-

proximately two thousand miles during that period. There is no attempted justification in this case.

It is elementary that where the facts are admitted, or undisputed, the matter of applying the law to the facts is for the court. So in this case, where the defendant is admittedly the user, it is for the court to say whether the acts constituted conversion.

On that question there can be no dispute under the rule announced in the foregoing cases. There certainly was a greater user than contemplated in the bailment contract.

We believe the undisputed evidence very clearly shows a conversion by the defendant as a matter of law. It therefore follows that we find in this case no error prejudicial to the rights of the defendant, that the finding and judgment of the court below is free from error, and that the verdict of the jury in this case was right.

Therefore the judgment of the court below will be and the same hereby is affirmed.

*Judgment affirmed.*

HOUCK and SHERICK, JJ., concur.