FULKS, APPELLEE, *v.* FULKS ET AL., APPELLANTS.

(No. 858—Decided November 20, 1953.)

*Mr. O. E. Irish* and *Messrs. Riley & Riley,* for appellee..

*Mr. David E. Crowe,* for appellant.

Collier, J. The plaintiff-appellee brought an action in the Common Pleas Court of Lawrence County for damages in which he claims that he was the owner of a steer worth $160; that the defendants converted the steer to their own use, loaded it into a truck and hauled it to the Catlettsburg, Kentucky, stock market and sold it to H. Van Bibber of Greenup, Kentucky; that in his efforts to regain possession of the steer, the plaintiff lost earnings in the sum of $90, expended $200 in pursuit of his property, paid attorney fees in repossessing the steer in the sum of $125, paid to Van Bibber, who purchased the steer, the sum of $160 for the return of the steer and other expenses in hauling the steer from Greenup, Kentucky, to his farm in Lawrence County, Ohio, and veterinary fees, making a total of $692, for which he claims judgment against the defendants.

The answer is a general denial.

At the close of all the evidence, on motion of the defendant Grover Fulks, the case was dismissed as to him. The verdict of the jury was in favor of the plaintiff against the defendant Maggie Fulks in the sum of $500. The court overruled the defendant Maggie Fulks' motions for judgment notwithstanding the verdict and her motion for a new trial and entered judgment on the verdict. It is to reverse this judgment that the case has been appealed to this court.

The evidence shows that these parties are closely related and live on neighboring farms in the same community; that on August 28, 1952, the defendant Maggie Fulks and her husband, O. R. Fulks, sold several head of cattle consisting of steers and heifers; that the cattle which were sold were selected from a herd in their pasture and loaded into a truck driven by Grover Fulks, their son; that the defendant Maggie Fulks, her husband, O. R. Fulks, her son, Grover Fulks, and Ronnie Fulks, a brother of the plaintiff,

assisted in loading the cattle, including the steer in question, into the truck; that the steers were sold in the market in the name of O. R. Fulks, and the heifers were sold in the market in the name of Mággie Fulks, and each received a check for the cattle so sold; that a few days after the sale of the cattle, the plaintiff, Curtis D. Fulks, missed a steer from his farm, began a search for the steer and sometime later, on the Van Bibber farm in Kentucky, identified one of the steers which had been sold by O. R. Fulks and Maggie Fulks as his lost steer; that after considerable effort and reimbursement of the purchase price the steer was repossessed by the plaintiff; that the plaintiff then filed criminal charges against the defendant Grover Fulks in the Municipal Court of Ironton, Ohio, and after a hearing in that court the charges were dismissed and the defendant Grover Fulks released; and that the plaintiff then instituted this action in the Common Pleas Court of Lawrence County against Grover Fulks and Maggie Fulks as defendants for conversion of the steer.

The two assignments of error relied upon and stressed in defendant's brief are that the evidence is insufficient to establish conversion of the steer by the defendant Maggie Fulks, and that the trial court erred in permitting attorneys' fees expended by the plaintiff in repossessing the steer to be considered as an item of damages by the jury.

The evidence which the plaintiff claims is sufficient to establish a cause of action for conversion against the defendant Maggie Fulks is found on pages 17 and 18 of the record, where the testimony of the defendant Maggie Fulks is as follows:

"Q. Mrs. Fulks, did you help load this steer in the truck?  A. I helped load the cattle in the truck.

"Q. You say you helped load it?  A. Yes sir, I helped load the cattle."

There is testimony of several witnesses who were present at the hearing in the criminal case in the Municipal Court at Ironton against the defendant Grover Fulks who said that the defendant Maggie Fulks testified in that case that the steer belonged to her. However, we place very little importance on this testimony and by reason of the circumstances consider it as very unreliable. Furthermore, it is not necessary to show an assertion of the ownership of the cattle in order to establish conversion.

It is held in the case of *Gillespie & McCulley* v. *Holland,* 3 Ohio App., 116, 20 C. C. (N. S.), 17, 26 C. D., 220:

"It is not necessary for the party taking wrongful possession of property to assert absolute ownership of the property in order to give the owner of the property the right to an action for conversion. If the owner, entitled to the immediate possession of his property, has been deprived of that possession by the unauthorized act of another, or by the exercise of dominion over the property inconsistent with the right of possession of the owner, it is a conversion of the property."

"Conversion" is generally defined as the wrongful assuming of unauthorized control over the personal property of another, whether it is done purposefully or not. See *Aetna Casualty & Surety Co.* v. *Higbee Co.,* 80 Ohio App., 437, 76 N. E. (2d), 404, 174 A. L. R., 1429; *Miller* v. *Uhl,* 37 Ohio App., 276, 174 N. E., 591; *Bear* v. *Colonial Finance Co.,* 42 Ohio App., 482, 182 N. E., 521; *North Canton Bank* v. *Cocklin,* 46 Ohio App., 27, 187 N. E., 638. Intent or purpose to do a wrong is not a necessary element of proof to establish conversion.

It is held in *Baltimore & Ohio Ry. Co.* v. *O'Donnell,* 49 Ohio St., 489, 32 N. E., 476, 34 Am. St. Rep., 579, 21 L. R. A., 117:

"The motive by which a party was controlled in the conversion of property is of no avail as a defense."

The rationale of these decisions is to the effect that any unauthorized act of control or exercise of dominion over the personal property of another which deprives the owner of possession of his property is sufficient to show conversion. It is not necessary for the plaintiff to show wrongful purpose or intent by the person charged with conversion; neither is it necessary to show an assertion of ownership over the property by the person committing the wrongful, unauthorized act. The person so charged may be acting under misapprehension or mistake and still be guilty of conversion.

Therefore, when the defendant Maggie Fulks admits that she assisted in loading into the truck the steer which the jury found was the property of the plaintiff, she became liable in conversion to the plaintiff for the damages he sustained as a proximate result of such unauthorized act.

The defendant urges there is error in the court's instructions to the jury concerning the inclusion of attorney fees incurred by the plaintiff in repossessing the steer as a proper item of damages. It is true as a general rule that the measure of damages for conversion of personal property is compensation for the loss sustained by the wrongful act of the defendant in an amount equal to the market value of the thing converted. However, it is held in the case of *Miller* v. *Proctor & Sturgeon,* 13 Ohio Law Abs., 295: "There is no inflexible rule as to the measure of damages for a wrongful conversion." From 53 American Jurisprudence, 897, Section 106, on the subject of conversion, we quote: "Thus, compensation for time lost as a proximate result of the conversion, or for time and money spent in pursuit of the property converted, may be recovered."

Attorney fees incurred by the plaintiff in the prosecution of this action are not recoverable since the plaintiff is not seeking punitive damages, but attorney fees spent in recovering possession of the steer, which is properly pleaded in this case, is a proper item of special damages and the trial court correctly included this item of damages under the circumstances shown by the evidence.

We find no error in the trial of this case prejudicial to the rights of the defendant and, therefore, the judgment is affirmed.

*Judgment affirmed.*

GILLEN, P. J., and McCURDY, J., concur.