TAYLOR, APPELLANT, *v.* FIRST NATIONAL BANK OF CINCINNATI ET AL., APPELLEES; JAMISON & JAMISON, JR., INC. ET AL., APPELLANTS.

(Nos. C-850345 and -850353 — Decided April 30, 1986.)

*Patricia K. Young,* for appellant Pauline Taylor.

*Taft, Stettinius & Hollister* and *James E. Britain,* for appellees First National Bank of Cincinnati et al.

*Peter J. Randolph,* for appellants Jamison & Jamison, Jr., Inc. et al.

*Per Curiam.* These causes came on to be heard upon appeals from the Court of Common Pleas of Hamilton County.

Plaintiff-appellant Pauline Taylor appeals from an entry of summary judgment in favor of defendants-appellees the First National Bank of Cincinnati and the First National Bank of Cincinnati, University Branch (together, "First National") on her complaint for breach of contract, negligence and conversion. Defendants-appellants Jamison and Jamison, Jr., Inc. and Judy Jamison (together, "Jamison & Jamison") have taken a separate appeal from the entry of summary judgment in favor of First National on their cross-claim for misrep-

resentation. The appeals were argued together and are consolidated here for decisional purposes.

The record reveals that in June 1982 Curtis O. Johnson ("Johnson" or "decedent") deposited funds in an account with First National and designated that the account proceeds were to be payable upon his death to Taylor and Gloria Walker.[1] On March 7, 1984, Johnson died. Shortly thereafter, the decedent's son appeared at Jamison & Jamison to arrange for the decedent's burial. At that time he presented to the corporation's secretary, Judy Jamison, the passbook for decedent's payable-on-death account. The passbook bore no indication that the account proceeds were payable to another upon the decedent's death. Jamison & Jamison, therefore, interred the decedent upon the belief that the decedent's estate was sufficient to cover the expenses of his burial.

On March 12, 1984, Jamison & Jamison, through its secretary Judy Jamison, filed an application in the Hamilton County Probate Court to relieve the decedent's estate from administration. In the application, Jamison & Jamison represented that the deceased's First National account was an estate asset and that the proceeds thereof were owed to Jamison & Jamison for decedent's burial expenses. The probate court subsequently determined that the account constituted the decedent's entire estate and that Jamison & Jamison was entitled to the account proceeds. Accordingly, the court issued an entry relieving the estate from administration and ordering First National to pay the account proceeds to Jamison & Jamison. When presented with the probate court entry, First National paid the account proceeds to Jamison & Jamison which, in turn, remitted the balance of the account proceeds in excess of burial expenses to the decedent's son.

Taylor subsequently learned that the proceeds of the decedent's account had been paid to Jamison & Jamison. Thus, Taylor sent written demands to Jamison & Jamison and to First National for return of the account proceeds. Her demands were refused.

In July 1984, Taylor instituted the action underlying the instant appeals. Taylor alleged in her complaint that her interest in one half of the proceeds of decedent's account with First National vested in her, by virtue of the payable-on-death restriction, upon the death of Johnson on March 7, 1984. She, therefore, sought return of the account proceeds from First National upon claims of breach of contract, negligence and conversion and from Jamison & Jamison and Judy Jamison upon claims of misrepresentation and conversion. First National responded to Taylor's complaint with an answer and a cross-claim against Jamison & Jamison alleging misrepresentation. Jamison & Jamison similarly responded with an answer and a cross-claim against First National for misrepresentation.

Upon motion and following a hearing, the court below entered summary judgment in favor of First National on Taylor's complaint and on Jamison & Jamison's cross-claim. From that judgment, Taylor and Jamison & Jamison have taken the instant appeals in which each asserts, in a single assignment of error, that the court below erred in entering summary judgment for First National on their respective claims.

Civ. R. 56(C) provides that summary judgment may be granted only upon the court's determination that: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

[1] Gloria Walker was not a party to the proceedings below and, accordingly, did not so participate in the proceedings on appeal.

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274. Applying the above standard of review to the facts of record and relevant case authority, we hold that the trial court's entry of summary judgment for First National was improper on Taylor's complaint but proper on Jamison & Jamison's cross-claim.

### Appeal No. C-850345

As we noted, Taylor set forth in her complaint claims against First National sounding in breach of contract, negligence and conversion. Taylor contends on appeal that, with respect to each of her three claims, genuine issues of material fact remain unresolved. We agree.

Considering, first, Taylor's breach of contract claim, we note preliminarily that Taylor averred in her complaint, pursuant to Civ. R. 10(D), that the instrument constituting the contract which created her interest in the decedent's payable-on-death account was in the possession of First National. Thus, the contract was omitted from her initial pleading and is not before us on appeal. However, the existence and terms of the agreement between First National and the decedent may be inferred from First National's concessions and the statutes pertaining to the creation and effect of a payable-on-death account.

It is undisputed that the decedent deposited funds in an account with First National and that he thereupon designated that the account proceeds were to be payable upon his death to Walker and Taylor. R.C. 1107.08(B) provides for the creation of a payable-on-death account "in accordance with the terms, restrictions, and limitations set forth in sections 2131.10 and 2131.11 of the Revised Code." Pursuant to R.C. 2131.10, the interest of a beneficiary to a payable-on-death account vests upon the death of the depositor. Further, the decedent's designation of Walker and Taylor as beneficiaries to his payable-on-death account evinces his intent, in entering into the agreement with First National, to benefit Walker and Taylor. Thus, Walker and Taylor are third-party beneficiaries to the contract between the decedent and First National with enforceable rights under the contract. See *Norfolk & Western Co.* v. *United States* (C.A. 6, 1980), 641 F. 2d 1201, 1208.

Accordingly, we determine that Taylor, as a beneficiary to the decedent's payable-on-death account, had a vested interest in the proceeds of the account and, as a third-party beneficiary to the agreement between First National and decedent creating the account, had a right to enforce that interest. We also find that a genuine issue of material fact remains as to whether First National, in paying the account proceeds to Jamison & Jamison, breached its agreement with the decedent to pay the proceeds to Taylor and Walker upon his death. We, therefore, conclude that the court below erred in entering summary judgment for First National on Taylor's breach of contract claim. See *Temple* v. *Wean United, Inc. supra.*

In her second claim against First National, Taylor alleged that First National acted negligently in failing to discover that she and Walker were the beneficiaries to the decedent's payable-on-death account and, therefore, entitled to the account proceeds. First National counters this allegation with the proposition that financial institutions may justifiably rely upon and are bound to comply with a facially valid probate court order issued with respect to the disposition of payable-on-death account proceeds.

The issue of whether a bank may be held liable in negligence to the

beneficiaries of a payable-on-death account for the payment of account proceeds to an estate creditor upon a facially valid probate court order appears to be one of first impression in Ohio.[2] However, the Ohio Supreme Court addressed an analogous issue in *Fourth & Central Trust Co.* v. *Rowe* (1930), 122 Ohio St. 1, 170 N.E. 439. In *Rowe, supra,* the court was presented with the question of a bank's liability *ex contractu* when it made payment from a savings account upon the presentation of the passbook by a person other than the depositor and upon presentation of a purported written order by the depositor which was later determined to be a forgery. The court held that, apart from its contractual duties, the bank had a duty to act in good faith and to exercise reasonable care to avoid payment of account proceeds to one not entitled to receive payment and that the bank's breach of this duty may subject it to liability to the rightful owner of the deposit. The court further found that the resolution of the issue of whether the bank breached its duty of good faith and reasonable care was for the trier of fact.

Applying the principles enunciated in *Rowe* to the case at bar, we find that First National had a duty to act in good faith and to exercise reasonable care in its payment of the proceeds of decedent's payable-on-death account to assure payment of the account proceeds to those entitled thereto. As we determined in our discussion of Taylor's breach of contract claim, *supra,* Taylor's interest in the account proceeds vested upon the death of the decedent. Thus, First National's failure to discover, through its records or otherwise, that Taylor and Walker were the sole beneficiaries entitled to the account proceeds raises an issue of fact as to whether First National violated its duty of good faith and reasonable care when it paid the account proceeds to Jamison & Jamison. We further find that First National's payment to Jamison & Jamison upon a facially valid probate court order, although material to the question of good faith and reasonable-care, does not wholly absolve it from liability. We, therefore, conclude that the court below erred in entering summary judgment for First National on Taylor's negligence claim. See *Temple* v. *Wean United, Inc., supra.*

Taylor's third and final claim against First National sounds in conversion. Taylor alleged in her complaint that First National, in paying the account proceeds to Jamison & Jamison and in refusing her demand for payment, exercised dominion over the account proceeds in a manner inconsistent with her ownership interest. In response, First National asserts that its payment of the proceeds to Jamison & Jamison was inadvertent and that it in no way benefitted from its compliance with the probate court's order.

"Conversion" has been defined as a wrongful or unauthorized act of control or exercise of dominion over the personal property of another which deprives the owner of possession of his property. *Fulks* v. *Fulks* (1953), 95 Ohio App. 515, 54 O.O. 131, 121 N.E. 2d 180. To establish conversion, a plaintiff need not demonstrate intent or wrongful purpose or an assertion of ownership by the defendant. *Id.* at 518-519, 54 O.O. at 132, 121 N.E. 2d at 182.

It is undisputed that Taylor, as a

---

[2] The authorities cited by First National in support of its assertion that its reliance on the probate court's order totally exculpates it from liability to Taylor for wrongful payment of the account proceeds, *viz., Ford* v. *Ideal Aluminum, Inc.* (1966), 7 Ohio St. 2d 9, 36 O.O. 2d 5, 218 N.E. 2d 434, and *Miller* v. *Peoples Federal Savings & Loan Assn.* (1981), 68 Ohio St. 2d 175, 22 O.O. 3d 406, 429 N.E. 2d 439, are neither instructive nor persuasive.

beneficiary to decedent's payable-on-death account, acquired an ownership interest in the account proceeds upon the death of the decedent. First National, in paying the account proceeds to Jamison & Jamison, thus exercised control or dominion over the account proceeds in a manner inconsistent with Taylor's ownership interest. We further find that First National, in refusing to accede to Taylor's demand for payment, deprived her of possession of her property. Finally, First National's assertions that payment of the proceeds to Jamison & Jamison was inadvertent or mistaken and that it derived no benefit from the transaction provide no defense to Taylor's charge of conversion.

However, an issue of material fact remains as to whether First National's act of control or exercise of dominion was unauthorized or wrongful when payment was made upon a facially valid probate court order. Thus, we find that the court below erred in entering summary judgment for First National when a genuine issue of material fact remains as to whether First National's payment to Jamison & Jamison of the account proceeds vested in Taylor constituted conversion. See *Temple* v. *Wean United, Inc., supra.*

## Appeal No. C-850353

We turn now to Jamison & Jamison's sole assignment of error. As we noted, Jamison & Jamison, in response to Taylor's complaint, asserted a cross-claim against First National alleging that First National misrepresented that the decedent's account with First National was an estate asset. Jamison & Jamison contend on appeal that summary judgment was erroneously entered for First National on its cross-claim when genuine issues of material fact remain with respect to its allegation of misrepresentation. We find no merit to this contention.

The elements of misrepresentation or fraud include:

" '[1] [an actual or implied representation, or where there is a duty to disclose, intentional] concealment of a fact,

" '[2] which is material to the transaction at hand,

" '[3] made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred,

" '[4] with the intent of misleading another into relying upon it,

" '[5] justifiable reliance upon the representation or concealment, and

" '[6] a resulting injury proximately caused by the reliance.' " (Citation omitted.) *Cohen* v. *Lamko, Inc.* (1984), 10 Ohio St. 3d 167, 169, 10 OBR 500, 502, 462 N.E. 2d 407, 409; *DiPietro* v. *DiPietro* (1983), 10 Ohio App. 3d 44, 46, 10 OBR 52, 55, 460 N.E. 2d 657, 662.

Applying the above elements to the facts and allegations of record, we find that Jamison & Jamison's claim fails on the first and fourth elements.

In the memorandum submitted by Jamison & Jamison in opposition to First National's motion for summary judgment, Jamison & Jamison alleges that decedent's son presented the passbook for decedent's First National account to Jamison & Jamison as proof of the estate's ability to cover the expenses of decedent's burial. Upon that representation, Jamison & Jamison proceeded to the probate court with an application to relieve the decedent's estate from probate. In its application, Jamison & Jamison expressly represented that the account was an estate asset. Accordingly, any representation, express or implied, that the decedent's account was an estate asset may be attributable only to decedent's son or to Jamison & Jamison.

Addressing the second part of the first element, intentional concealment, and the fourth element, intent to mislead, we note that Jamison &

Jamison in no way controverts First National's contention that its payment of the account proceeds, a nonestate asset, to Jamison & Jamison, an estate creditor, was inadvertent and in reliance upon the probate court's order. Therefore, First National's payment of the account proceeds constituted neither intentional concealment of a material fact nor intentional misleading of Jamison & Jamison into reliance upon that fact.

Having thus determined that Jamison & Jamison has failed to substantiate the elements of a claim for misrepresentation, we find that no genuine issue of material fact remains for resolution on its cross-claim. Accordingly, we conclude that the court below properly entered summary judgment for First National on Jamison & Jamison's cross-claim. See *Temple* v. *Wean United, Inc.,* *supra.*

To summarize, we find that genuine issues of material fact remain to be litigated with respect to Taylor's breach of contract, negligence and conversion claims against First National. Thus, we hold that summary judgment was improvidently granted for First National on Taylor's complaint and, accordingly, reverse and remand the matter to the trial court for further proceedings in accordance with this decision. We further find that no genuine issue of material fact remains for resolution on Jamison & Jamison's cross-claim against First National for misrepresentation. First National, therefore, is entitled to judgment on the cross-claim as a matter of law. Accordingly, we affirm the entry of summary judgment for First National on Jamison & Jamison's cross-claim.

> *Judgment reversed and*
> *cause remanded in*
> *case No. C-850345.*
> *Judgment affirmed in*
> *case No. C-850353.*

KEEFE, P.J., KLUSMEIER and HILDEBRANDT, JJ., concur.