In re Donald Evan NEUMANN, Debtor.

Antonia M. NEUMANN, Plaintiff,

and

Mule–Hide Products Co., Inc.,
Intervening Plaintiff,

v.

Donald Evan NEUMANN [f.d.b.a.
Neumann Building Products],
Defendant.

Bankruptcy No. 93–51406.
Adv. No. 94–5011.

United States Bankruptcy Court,
N.D. Ohio,
Eastern Division.

May 15, 1995.

Kathryn A. Belfance, Akron, OH, for plaintiff Antonia Neumann.

Jerald Kipp, Akron, OH, for debtor-defendant Donald Neumann.

Timothy J. Downing, Ulmer & Berne, Cleveland, OH, for intervening plaintiff Mule–Hide Products Co., Inc.

Richard Wilson, Chapter 7 Trustee, Kent, OH.

Harold Corzin, Cuyahoga Falls, OH, for debtor.

## MEMORANDUM OPINION

MARILYN SHEA–STONUM, Bankruptcy Judge.

This matter came before the Court on plaintiffs' complaints to determine dischargeability pursuant to 11 U.S.C. § 727(a), and, in the case of Antonia Neumann, § 523(a)(2)(A), (a)(5) and (a)(6) and to determine whether defendant-debtor converted certain property owned by plaintiff, Antonia Neumann.

### JURISDICTION

This proceeding arises in a case referred to this Court by the Standing Order of Reference entered in this District on July 16, 1984. It is determined to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (J), and includes this Court's determination of the dollar value of a claim that was the subject of a complaint to determine its dischargeability.

### FACTS

Debtor, Donald Neumann, filed a voluntary chapter 7 bankruptcy petition on July 30, 1993. On January 20, 1994, debtor's ex-wife, Antonia Neumann, filed a complaint (which was later amended on June 16, 1994) objecting to the debtor's discharge pursuant to 11 U.S.C. §§ 523(a) and 727(a). (Docket # 1 and # 16). Thereafter, on August 18, 1994, plaintiff, Mule–Hide Products Co. (Mule–Hide), moved to intervene as a party plaintiff so as to object to debtor's discharge pursuant to § 727(a). (Docket # 27). That motion was subsequently granted on September 13, 1994, with instructions that Mule–Hide's complaint was to be deemed to have been filed upon the date that Mule–Hide moved to intervene. (Docket # 34). Trial in this matter was scheduled for March 10, 1995.

Prior to the beginning of trial, defendant-debtor informed the Court that he would waive his discharge pursuant to 11 U.S.C. § 727(a)(10). Mr. Neumann's formal waiver

was accepted by the Court and filed on March 15, 1995. (Docket # 61).

Following defendant-debtor's waiver of discharge, plaintiff, Antonia Neumann, sought to proceed with her action for conversion. Count three of Ms. Neumann's complaint (docket # 16) alleged that:

19. The Debtor sold, transferred and otherwise disposed of property which rightfully belonged to Plaintiff and which she was entitled to by order of the Domestic Relations Court.

20. Debtor caused willful and malicious injury to Plaintiff's property by virtue of his intentional conversion of said property.

21. Debtor's obligations pursuant to the parties' divorce decree are non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

In said complaint, Ms. Neumann prayed that judgment be granted in her favor, "specifically ... (2) [t]hat Debtor be required to reimburse Plaintiff for the fair market value of all assets wrongfully converted by Debtor."

Prior to the March 10 trial, Joint Stipulations of Fact were filed. (Docket # 53). Those stipulations were signed by defendant-debtor's counsel and included the following information regarding the property that was allegedly converted:

9. As set forth in said decree [1] ... Antonia Neumann and Debtor were to divide their furniture, furnishings and other personal possessions.

\* \* \* \* \*

11. Debtor still has in his possession furniture, furnishings and other personal possessions which were to be divided by Debtor and Antonia Neumann pursuant to the Divorce Decree.

12. Debtor has sold and/or junked some of the furniture, furnishings and personal possessions that were to be divided by Debtor and Antonia Neumann pursuant to the Divorce Decree.

At the beginning of the trial, this Court reviewed with the parties each paragraph of the joint stipulations. In its review the Court asked if there were any corrections to or continuing disputes with the text of each stipulation. As to paragraphs 9, 11, and 12, no party expressed any objection.

During the trial, plaintiff, Antonia Neumann testified that the division of household goods and furniture, pursuant to the Divorce Decree, has never occurred. On cross-examination, Ms. Neumann indicated that both she and her divorce attorney have attempted to get the defendant-debtor to agree on a time, place and date in which to exchange the property.[2] The only evidence of the specific property that was allegedly converted was Plaintiff's trial exhibit A–F which was described by plaintiff as "one of many lists that have gone back and forth between divorce attorneys trying to settle the property." Plaintiff did, however, indicate that she could

---

1. The Divorce Decree, (*see* Exhibit to first complaint) which serves as the basis for plaintiff's conversion allegation was entered by the Summit County Domestic Relations Court on February 22, 1993, and states *inter alia:*
    (15) The parties shall attempt to agree on the division of the remaining items of personal property. If the parties are unable to agree as to such division, the remaining items shall be placed on a list, item by item and not in groups, subject to division. The division shall take place by the parties making alternate selections, item by item and not in groups, with the Plaintiff making the first selection. All items of personal property shall be placed on the list including gifts that may have been made between the parties ... Both parties shall make complete lists of all items they consider marital assets subject to division.

2. On September 13, 1993, plaintiff filed a motion for relief from the automatic stay requesting, *inter alia*, that she be able to pursue division of the household goods and furnishings as provided for in the Divorce Decree. Thereafter, the Court, in a letter to the parties in interest dated October 12, 1993, explained that as to the portion of property that belonged to plaintiff, the Court had no jurisdiction as it was not part of the debtor's estate. The Court did, however, enter a general Order granting relief from the automatic stay on October 14, 1993. Therefore, as to the division of the former marital property pursuant to the divorce decree, the issue of relief from the automatic stay has been thoroughly addressed by this Court.

not attest to the list's completeness. This exhibit was entered into evidence without objection.

Thereafter, plaintiff gave her opinion as to the fair market value of the household goods and furniture that were to be divided as "approximately $40,000.00." Plaintiff's opinion of the fair market value of her share of these items was "at a minimum, $20,000." [3]

Given defendant-debtor's voluntary waiver of discharge, only one issue remains before this Court. That issue is whether the debtor's conduct, in failing to divide the former marital property and unilaterally disposing of some of that property, constitutes conversion.

### DISCUSSION

◼ In Ohio, the tort of conversion has been defined as "a wrongful or unauthorized act of control or exercise of dominion over the personal property of another which deprives the owner of possession of his property." *Taylor v. First Natl. Bank of Cincinnati,* 31 Ohio App.3d 49, 52, 508 N.E.2d 1006, 1011 (1986) (citing *Fulks v. Fulks,* 95 Ohio App. 515, 518–20, 121 N.E.2d 180, 182 (1953)). To prove the elements of the tort of conversion the plaintiff must show: (1) that plaintiff has ownership interests or a right to possession of the property at the time of the conversion; (2) that defendant's conversion was by a wrongful act of disposition of plaintiff's property rights; and (3) that as a result of the defendant's actions the plaintiff suffered damages. *Hodges v. Byars,* 1992 WL 113027, 1992 Ohio App. LEXIS 2742 (Ohio Ct.App.1992). Plaintiff must prove these elements by a preponderance of the evidence. *Miller v. Proctor & Sturgeon,* 13 Ohio L.Abs. 295 (Ohio Ct.App.1932).

◼ [1] *Plaintiff's Ownership Interest or Right to Possession of Property:* The effect of a Divorce Decree is to dissolve the marital relationship, to extinguish the preexisting joint property interests, and to create new property interests to replace the old. *Hoyt v. Hoyt,* 53 Ohio St.3d 177, 184–86, 559

N.E.2d 1292, 1300 (1990); *Koepke v. Koepke,* 52 Ohio App.3d 47, 47–49, 556 N.E.2d 1198, 1199 (1989); *Farrey v. Sanderfoot,* 500 U.S. 291, 299–300, 111 S.Ct. 1825, 1830–31, 114 L.Ed.2d 337 (1991). *See also* O.R.C. § 3105.17.1—Equitable Division of Marital and Separate Property. In the case at bar, the Divorce Decree awarded the plaintiff the right to receive 50 per cent of the former marital assets pursuant to either an agreement by the parties or supervised division. Therefore, although the Divorce Decree did not set forth plaintiff's ownership interests as to any particular item of property, she did have a right to receive, and thus possess, a portion of the former marital assets.

◼ *Conversion was by Wrongful Act of Disposition of Plaintiff's Property Rights:* It is uncontroverted in this case that defendant-debtor "has sold and/or junked some of the furniture, furnishings and personal possessions that were to be divided by Debtor and [plaintiff] pursuant to the Divorce Decree." Joint Stip. of Fact para. 12. (Docket # 53). Moreover plaintiff testified that although she had attempted repeatedly to arrange for a time and place in which to separate the property, defendant-debtor was uncooperative. Therefore, although not all of the property was sold or destroyed, the prolonged possession of plaintiff's property may also constitute conversion as that tort can arise "from the exercise of a dominion over [the property] in exclusion of the rights of the owner." *Miller v. Uhl,* 37 Ohio App. 276, 280–82, 174 N.E. 591, 592 (1929).

◼ It might be argued that because defendant-debtor was initially in rightful possession of the former marital assets, a conversion could not occur. However, given the circumstances of that possession, a bailment relationship was created, with defendant-debtor as bailee. A bailment arises when one person holds personal property in trust for another person, the property is held for a particular purpose, and once that purpose has been achieved, the property must be

---

**3.** The Court notes that the defendant-debtor amended the schedule of property in his bankruptcy case to list property allegedly in his wife's possession on which he placed a value of $81,- 000, although at trial the wife disputed the listed value for and, in some instances the existence of, those items of property.

returned. *Collins v. Click Camera & Video, Inc.*, 86 Ohio App.3d 826, 829–30, 621 N.E.2d 1294, 1296 (1993), *juris. mot. denied*, 67 Ohio St.3d 1438, 617 N.E.2d 688 (1993). Therefore, regardless of the fact that a bailee is rightfully in possession of the bailed property, he can still have effectuated a conversion "if he has made an illegal use of it, or has abused the conditions under which it was received or delivered to him." *Miller v. Uhl*, 37 Ohio App. 276, 278–80, 174 N.E. 591, 591 (1929).

Although there was no direct evidence or testimony going to why defendant-debtor was uncooperative in distributing the property, the tortfeasor's intent or purpose to do the wrongful action is not a necessary element of proof to establish conversion. *Fulks v. Fulks*, 95 Ohio App. 515, 518–20, 121 N.E.2d 180, 182 (Ohio Ct.App.1953). Further, the motive by which a party was controlled in converting the property is not an available defense. *Id.*

*Damages:* Damage to the plaintiff is evidenced in this case by the fact that plaintiff has been deprived of her property, and any proceeds derived therefrom, for more than two years from the date of the entry of the Divorce Decree which ordered that the former marital property be divided. Her damages are further established by defendant-debtor's admission to having junked and sold some of the property, as well as the admission that he is still in possession of the remaining items that were to be distributed pursuant to the Divorce Decree. Joint Stip. Of Fact para. 11, 12. (Docket # 53).

The measure of damages in a conversion claim is the value of the converted property at the time of the conversion. *Brumm v. McDonald & Co. Securities, Inc.*, 78 Ohio App.3d 96, 103–05, 603 N.E.2d 1141, 1146 (1992). During the trial, the plaintiff testified without objection that her opinion of the fair market value of the household goods and furniture in the marital home was "approximately $40,000.00." Plaintiff further testified that her opinion of the fair market value of her portion of these items was "at a minimum $20,000." It is well established in Ohio that "the owner of personal property, because of such ownership, has a sufficient knowledge of its value to be qualified to give an opinion thereon which will be some evidence of the actual value, though not conclusive." *Bishop v. East Ohio Gas Co.*, 143 Ohio St. 541, 544–47, 56 N.E.2d 164, 166 (1944). This rule is especially applicable where the property may have a particular worth to the plaintiff. *Id.* Further, in assessing the damage caused by a conversion, there may be a consideration of additional loss suffered due to a deprivation of the property or compensation for the loss of use of the property. *See Keys v. Pittsburg & Wheeling Coal Co.*, 58 Ohio St. 246, 275–79, 50 N.E. 911, 917 (1898); *Modarelli v. Fullerton Transfer & Storage Ltd., Inc.*, No. 77 CA 128, slip. op. at 5–6 (Ohio Ct.App.1978).

In the case at bar, plaintiff was damaged by being deprived of the use of her property as well as by being forced to replace some of those items. Under these circumstances, damages should be calculated on both the past deprivation and the prospect that the debtor-defendant may continue his noncooperation in the division of the assets. To compensate plaintiff for the deprivation of the use of her property and the disposal of certain unspecified property, this Court will award plaintiff $5,000.00 which consists of the 10 per cent state judgment interest rate (*see* O.R.C. § 1343.03) on the $20,000.00 determined value of the former marital property from the date of entry of the Divorce Decree to the date of entry of this Order (approximately $4,500.00) plus $500.00 for the unspecified property that was the subject of the defendant-debtor's disposal. In addition, based upon her uncontroverted testimony as to the fair market value of the former marital assets being at least $40,000.00, the plaintiff will also be awarded damages totaling $20,000.00, or one-half of that amount. However, given that certain portions of the property are still in existence,[4] defendant-debtor can

---

4. During trial, the only evidence produced regarding what constituted the former marital property was a "partial" listing introduced by plaintiff. (*See* Plaintiff's Trial Exhibit A–F). Although there were no objections entered regarding this list, there was also no evidence presented as to which items are still in defendant-debtor's

still generally perform the property division as provided in the Divorce Decree. Therefore, if defendant-debtor performs under the order of the Domestic Relations Court requiring division of the marital assets by June 30, 1995, plaintiff's second damage claim of $20,000.00 will be deemed satisfied. Whether the defendant-debtor has complied with the order of the Domestic Relations Court is to be determined by that Court. Unless this Court receives evidence of the defendant-debtor's compliance with the terms of the Divorce Decree by July 7, 1995, this Court will enter a further judgment in favor of plaintiff in the amount of $20,000.00.

## CONCLUSION

To succeed in proving a cause of action in conversion, the plaintiff must show that she owned or had a right to possess the property in question; that the defendant-debtor's conversion was by a wrongful taking of or interfering with those property rights; and, that as a result of defendant-debtor's conduct, plaintiff suffered damages. Based upon the admissions of defendant-debtor via the joint stipulations of fact, and the uncontroverted testimony at trial, the plaintiff has proven these elements.

Therefore, based upon the foregoing, this Court hereby finds: (1) that defendant-debtor's conduct constituted conversion; and (2) that plaintiff was damaged by defendant-debtor's conversion in the amount of $5,000.00 for the past deprivation of her property and prospectively in the amount of $20,000.00 for the cost of replacing such property should the property not be divided by June 30, 1995 in accordance with the Divorce Decree.

**IT IS SO ORDERED.**

possession, which items have been junked, and/or which items were simply not listed.