I concur in the majority opinion, but write separately in order to address the merits of the Appellant's fifth assignment of error.
 Following the close of Appellant's case, the trial court, sua sponte, directed a verdict in favor of the Appellees on Appellant's counterclaim. The court concluded that the counterclaim could only be properly brought against Wrobel and Treap, not against the Appellees. Civ.R. 50(A)(4) provides that the trial court may direct a verdict if it finds, after construing the evidence most strongly in favor of the nonmovant, that reasonable minds could only come to a conclusion adverse to the nonmovant upon the evidence submitted. A motion for a directed verdict requires an assessment of the legal sufficiency of a claim and, therefore, does not require the trial court to weigh the evidence or the credibility of witnesses. Wagner v. Roche Laboratories
(1996), 77 Ohio St.3d 116, 119. It is within the "inherent discretionary powers" of a trial court to grant a directed verdict sua sponte. Gibbons v. Price
(1986), 33 Ohio App.3d 4, 12.
Appellant's counterclaim appears to have been an action for the conversion of a sod crop that he alleges was planted on the property transferred to the Appellees. Specifically, he claimed that he was permitted by a lease arrangement with Leland Treap and Nancy Wrobel to farm sod on the land; that he planted a sod crop with their knowledge; and that the Appellees prevented him from harvesting the crop once they took possession of the property.
Conversion is "a wrongful or unauthorized act of control or exercise of dominion over the personal property of another, which deprives the owner of possession of his property." Taylor v.First Natl. Bank (1986), 31 Ohio App.3d 49, 52. When land is transferred, title to any crops growing on the land generally passes with the land unless the parties to the transfer carve out an express reservation. See Herron v. Herron (1890), 47 Ohio St. 544,548. In this case, Wrobel and the Appellees did not indicate that any right in growing crops was reserved in favor of Appellant. Appellant conceded that he did not have an express agreement with Wrobel to farm sod on her land, but argued that he assumed she was aware that he was doing so. Further, both Wrobel and Lori Sargeant testified that they did not know that sod was being farmed on the portion of the land in question. Given this evidence, the trial court did not err in concluding that reasonable minds could only find in favor of the Appellees on Appellant's counterclaim.
(Cacioppo, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)