MILLER ET AL., APPELLANTS, *v.* PEOPLES FEDERAL
SAVINGS & LOAN ASSN. ET AL., APPELLEES.

(No. 81-323—Decided December 23, 1981.)

*Baran & Baran Co., L.P.A., Mr. Edward C. Baran* and *Mr. John Tarkowsky,* for appellants.
*Messrs. Logee, Hostetler, Stutzman & Broehl* and *Mr. Morris Stutzman,* for appellee Peoples Federal S. & L. Assn.
*Kauffman, Eberhart, Cicconetti & Kennedy Co., L.P.A.,* and *Mr. Charles A. Kennedy,* for appellees Wayne S. & L. Co. and First Federal S. & L. Assn.

CLIFFORD F. BROWN, J.  This court must determine whether a savings institution is liable to the beneficiaries of a P.O.D. account, when that institution changes the payee of the account at the request of the guardian of the account's legally incompetent owner. Upon due consideration of the rights associated with P.O.D. accounts, and the powers of guardians and savings institutions, we conclude that an institution which in good faith substitutes the name of the guardianship as payee for the originally named beneficiary on a P.O.D. account is not liable to that beneficiary. Therefore, we affirm the Court of Appeals.

As a threshold question, the ownership of P.O.D. accounts during the lifetime of the depositor must be addressed. R. C. 2131.10 and 2131.11 govern creation of P.O.D. accounts in Ohio. R. C. 2131.10 describes the nature of ownership of such accounts:

"A natural person, adult or minor, referred to***as the owner, may enter into a written contract with any***[savings institution] transacting business in this state, whereby the proceeds of the owner's***deposit***may be made payable on the death of the owner to another person, referred to***as the beneficiary***.

"Every contract***authorized by this section shall be

deemed to contain a right on the part of the owner during his lifetime both to withdraw the proceeds of such\*\*\* deposit,\*\*\*in whole or in part, as though no beneficiary has been named, and to designate a change in beneficiary. The interest of the beneficiary shall be deemed not to vest until the death of the owner."

The above quoted statutory language gives the depositor full ownership of a P.O.D. account's funds during her lifetime, whereas the beneficiary's interest does not vest until the owner's death. It follows logically that the depositor is the owner of the account even after a Probate Court declares her legally incompetent.

The guardian appointed to manage the estate of an incompetent may, acting as a fiduciary, exercise all rights of ownership which the ward could have exercised during her lifetime had she not been declared legally incompetent. This power includes the right to designate a change in the registration of P.O.D. accounts and thereby eliminate the former beneficiaries, if that is the best interest of the ward.[4] R. C. 2111.14(B). See, also, 26 Ohio Jurisprudence 2d 444-445, Guardian and Ward, Sections 102 and 103.

Having concluded that it is within the powers of a guardian to designate a change in the registration of his ward's P.O.D. account, we may consider the liability of the appellee savings institutions in making the requested changes.

R. C. Chapter 1339 governs liability of savings institutions for actions taken at the request of legal guardians. R. C. 1339.02 states, in part, that an issuer "may treat a fiduciary as having capacity and authority to exercise all said rights of ownership in respect of such securities that are of record in the name of\*\*\*a person in conservation,\*\*\*or of a\*\*\*incompetent person\*\*\*; and such issuer shall be protected in any action taken or suffered by it in reliance upon any instrument showing the appointment of such fiduciary." Under the definitional section, an "issuer" includes savings institutions such as

---

[4] Although appellants raised before this court the issue of self dealing on the part of Clyde Young, the trial court left pending appellants' claims against Young's estate. We therefore have no opportunity to determine whether the action of Young in designating a change in the registration of the deposits, apparently at Mrs. Smith's request, was proper under the relevant statutes. See, generally, R. C. Chapters 2109 and 2111.

appellees, and "securities" include certificates of deposit such as the ones at issue here. See R. C. 1339.01(C) and (E). In the instant case the savings institutions relied on Young's presentation of his letters of guardianship when complying with his request to change the registration of the P.O.D. accounts. Therefore, they were within their rights under R. C. 1339.02.[5]

The appellee savings institutions are also protected from liability here by another statute, R. C. 1151.192. That section establishes a procedure by which persons with adverse claims to deposit accounts may require that institution to recognize their claims. The procedure set forth includes the presentation to the savings institution of a court order restraining any action on the deposit, and the delivery of a bond by the claimant indemnifying the savings institution against any liability, loss or expense it might incur arising from the adverse claim. Appellants here did not comply with these procedural requirements. Therefore, the institutions, by force of that statute, need not recognize the claims.

We conclude that a savings institution, presented with letters of guardianship and a request to change the registration of a P.O.D. account owned by the ward of the presenting guardian, may substitute that guardian's name on the account without incurring any liability to the former beneficiaries. Should the former beneficiaries wish to challenge the action of the savings institutions with respect to changing the registration of such accounts, they must comply with the provisions of R. C. 1151.192.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, HOLMES and KRUPANSKY, JJ., concur.

LOCHER, J., concurs in the judgment.

---

[5] Although Young has not been shown to have misapplied the funds at issue here, even assuming *arguendo* that they were misapplied, R. C. 1339.04 protects "[a] person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive***." Therefore, regardless of whether these accounts were changed in the best interest of Mrs. Smith, the savings institutions can not be liable, unless the institutions did not, in fact, act honestly. No such allegation was sustained at the trial court level.