OGILVIE, GUARDIAN, APPELLANT, *v.* KEHR ET AL., APPELLEES.

(No. 35-CA-87—Decided March 2, 1988.)

*Dagger, Johnston, Miller, Ogilvie & Hampson* and *Norman J. Ogilvie, Jr.,* for appellant Norman J. Ogilvie, Jr., Guardian of the Estate of Helen Marie Burden.

*Lantz, Lantz & Lipp, James A. Lantz* and *Chris A. Martin,* for appellee Estella M. Kehr.

*George W. Coen,* for appellee Estella M. Kehr as Executrix of the Estate of St. Clair Burden.

MILLIGAN, J. This is a case of first impression in Ohio involving a single, narrow issue:

Is a change of beneficiary on a P.O.D. account a sale, gift, conveyance, or encumbrance of such P.O.D. account?

In the last paragraph of the guardianship statutes, relating to notice of appointment, appears the following:

"From the service of notice until the hearing, no sale, gift, conveyance, or encumbrance of the property of the incompetent shall be valid as to all persons having notice of the proceeding." (R.C. 2111.04.)

On June 26, 1986, an application for appointment of a guardian for St. Clair Burden was filed alleging that he was incompetent due to advanced age and mental disability. Notice of the application was served on Burden and his sister, Estella M. Kehr.

After service of the notice, Burden, with the assistance of Kehr, changed certain P.O.D. contracts owned by Burden from Burden's wife to Kehr.

The application for appointment of guardian was later dismissed on the same day Burden died.

Following a well-reasoned and extensive memorandum, the trial court dismissed the complaint requesting a turnover of the proceeds of the P.O.D. accounts from Kehr to the original beneficiary-designee, Burden's wife.

The trial court concluded that the change of beneficiary was neither a sale, gift, conveyance, nor encumbrance of the accounts.

R.C. 2131.10, governing deposits payable on death, provides in part:

"Every contract of an investment share certificate, share account, deposit, or stock deposit authorized by this section shall be deemed to contain a right on the part of the owner during his lifetime both to withdraw the proceeds of such investment share certificate, share account, deposit, or stock deposit, in whole or in part, as though no beneficiary has been named, and to designate a change in beneficiary. The interest of the beneficiary shall be deemed not to vest until the death of the owner."

A *sale* is the transfer of an interest in property for valuable consideration. The situation present here was clearly not a sale.

A *gift* is a transfer of an interest in property without consideration. By the language of R.C. 2131.10, providing that the "interest of the beneficiary shall be deemed not to vest until the death of the owner," it is clear that there was no present interest created. The transaction, in this regard, may be compared to the execution of a will.

Nor can it be said that the transaction was a *conveyance* or *encumbrance*.

The rationale of *Eger* v. *Eger* (1974), 39 Ohio App. 2d 14, 68 O.O. 2d 150, 314 N.E. 2d 394, and *Miller* v. *Peoples Federal S. & L. Assn.* (1981), 68 Ohio St. 2d 175, 22 O.O. 3d 406, 429 N.E. 2d 439, is that the account and certificate remain the property of the grantor until his death.

The single assignment of error is overruled, and the judgment of the Fairfield County Probate Court is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and TURPIN, J., concur.