OPINION
{¶ 1} Appellant, Pamela Ferguson, appeals from a judgment of the Franklin County Court of Common Pleas, which granted summary judgment for appellees, Eva Lucille Walsh and Richard Lippert, and granted judgment on the pleadings to appellee Huntington National Bank ("Huntington Bank"). For the reasons that follow, we affirm.
 {¶ 2} This case concerns two payable-on-death ("P.O.D.") certificates deposited by Vera B. Peebles on October 27, 1997 at appellee Huntington Bank, Silverton Branch, in Cincinnati, Ohio. The P.O.D. deposits were initially valued at $20,000 each. Peebles designated appellant's minor children, Grant and Roger Ferguson, as beneficiaries. Appellant filed this action on behalf of her children.
 {¶ 3} On September 28, 1998, the Hamilton County Probate Court appointed Walsh guardian of the person and estate of Peebles. Walsh provided Huntington Bank with a copy of her appointment and letters of guardianship. In correspondence dated September 28, 1998, Walsh requested a complete inventory of the accounts held by Peebles at the Huntington Bank. The bank specified four accounts held solely in the name of Peebles. Two identified accounts held deposits in the amount of $20,000 that corresponded to the P.O.D. certificates established by Peebles. On or about August 27, 1999, Walsh liquidated the two accounts upon their maturation and expended the funds for the maintenance and care of Peebles. At this time, Roger Markl, the grandfather of the former beneficiaries, held the original P.O.D. certificates.
 {¶ 4} Peebles died on October 3, 2000.
 {¶ 5} On March 8, 2001, appellant made two claims on behalf of her minor children against the Peebles estate. Each claim was in the amount of $22,255.30 plus interest. The executor of the estate, appellee Lippert, rejected the claims on March 14, 2001. Appellant then filed a complaint on April 26, 2001 in Portage County, Ohio. Appellant alleged appellee Walsh wrongfully liquidated the P.O.D. certificates and appellee Huntington Bank negligently failed to ascertain and inform Walsh as to the status of the certificates.
 {¶ 6} Upon motion of appellees, the case was first transferred to Hamilton County, Ohio, on June 4, 2001. On June 19, 2001, pursuant to appellant's motion, the case was then transferred to Franklin County. On August 8, 2001, appellee Lippert filed a Motion to Vacate Transfer to Franklin County. Appellant voluntarily dismissed the case in Franklin County on or about August 24, 2001, and in Hamilton County on September 7, 2001.
 {¶ 7} Appellant re-filed the case in Franklin County on October 15, 2001. On July 5, 2002, appellees Walsh and Lippert filed a Civ.R. 56 motion for summary judgment. Appellee Huntington filed a Civ.R. 12(C) motion for judgment on the pleadings on August 1, 2002. Appellant filed timely responsive briefs and, on August 19, 2002, appellant filed a Motion for Leave to Amend the Complaint. Appellant sought to add an additional count of negligence against Huntington Bank for failure to require Walsh to present proper documentation in lieu of the original certificates upon liquidation of the accounts and for failure to review internal records prior to liquidation.
 {¶ 8} On October 9, 2002, the trial court granted appellees' summary judgment and Civ.R. 12(C) motions and denied appellant's motion. The trial court entered judgment in favor of appellees on October 11, 2002. Appellant filed a timely notice of appeal with this court on November 7, 2002. In her appeal, appellant sets forth the following assignments of error:
 {¶ 9} "[I.] The trial court erred in holding that a beneficiary of a payable on death account has no claim when the account is wrongfully liquidated prior to the death of the depositor.
 {¶ 10} "[II.] The trial court erred in holding R.C. 2131.01 to be dispositive of plaintiff's claims when defendant Huntington National Bank failed to effectuate the change in designation of the payable on death accounts in conformance with the bank's own policies and guidelines.
 {¶ 11} "[III.] The trial court abused its discretion in denying plaintiff's Motion for Leave to Amend the Complaint."
 {¶ 12} In the first two assignments of error, appellant argues that although the P.O.D. certificates were liquidated before the death of the depositor, appellant continues to have enforceable rights as a third-party beneficiary because appellees Walsh and Huntington Bank wrongfully liquidated the certificates. We disagree.
 {¶ 13} Because they are interrelated, the first two assignments of error will be considered jointly.
 {¶ 14} On appeal, we conduct an independent review of the record when reviewing a trial court's ruling on summary judgment. Gunsorek v. Pingue (1999), 135 Ohio App.3d 695, 700 (citing Baker v. The Buschman Co. [1988], 127 Ohio App.3d 561, 566). Similarly, our review of the trial court's ruling on a Civ.R. (12)(C) motion for judgment on the pleadings is de novo. Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801,807.
 {¶ 15} In R.C. Chapter 2131, the General Assembly established a P.O.D. account as a valid exception to the statute of wills. The relevant provisions of R.C. 2131.10 read as follows:
A natural person, adult or minor, referred to in sections 2131.10 * * * may enter into a written contract with any bank * * * authorized to receive money on an investment share certificate, share account, deposit, or stock deposit, and transacting business in this state, whereby the proceeds of the owner's investment share certificate, share account, deposit, or stock deposit may be made payable on the death of the owner to another person * * * referred to in such sections as the beneficiary * * *
Every contract * * * authorized by this section shall be deemed to contain a right on the part of the owner during the owner's lifetime both to withdraw the proceeds . . . in whole or in part, as though no beneficiary has been named, and to designate a change in beneficiary. The interest of the beneficiary shall be deemed not to vest until the death of the owner.
No change in the designation of the beneficiary shall be valid unless executed in the form and manner prescribed by the bank * * *." (Emphasis added.)
 {¶ 16} R.C. 2131.11 further states:
 {¶ 17} "When an investment share, certificate, share account, deposit, or stock deposit is made in any bank * * * payable to the owner during his lifetime, and to another on his death, such investment share certificate, share account, deposit, or stock deposit or any part thereof or any interest or dividend thereon, may be paid to the owner during his lifetime, and on his death such investment share certificate, share account, deposit, or stock deposit * * * may be paid to the designated beneficiary, and receipt of acquittance of the person paid is a sufficient release and discharge of the bank * * * for any payment so made." (Emphasis added.)
 {¶ 18} It follows that the depositor-owner of funds in a P.O.D. account exercises full ownership over the funds during his or her lifetime and the interest of the beneficiary will not vest until the depositor-owner's death. Miller v. Peoples Federal S. L. Assn. (1981), 68 Ohio St.2d 175, 178. The proceeds of a P.O.D. account are revocable at will during the lifetime of the depositor-owner. Id. The interest retained by the depositor-owner is both legal and equitable. In re Estate of Platt, 148 Ohio App.3d 132, 138, 2002-Ohio-3382 (citing Friedrich v. BancOhio Nat. Bank [1984], 14 Ohio App.3d 247, 251). A court appointed guardian "acting as a fiduciary, exercise[s] all rights of ownership which the ward could have exercised during her lifetime had she not been declared legally incompetent." Miller, supra. This power includes the rights to withdraw funds from a P.O.D. account and thereby delete the beneficiary if it is in the best interest of the ward. Id. Indeed, the guardian of a person and an estate has a duty to provide for maintenance for the ward, as paid out of the ward's estate, which includes health care, debts and other affairs relating to the management of the estate. R.C. 2111.13 and 2111.14. Therefore, during the lifetime of the ward-owner, a guardian acts in the best interest of the ward when the withdrawal of proceeds from a P.O.D. certificate is related to the management of the ward's estate or maintenance of the ward.
 {¶ 19} In this case, the trial court did not err in concluding appellant does not have standing to challenge the liquidation of a P.O.D. account by Walsh, a duly appointed guardian, for the purposes of maintaining Peebles's person and estate. Under Ohio law, a beneficiary's legal and equitable interest in a P.O.D. certificate vests only upon the death of the depositor-owner. In re Estate of Platt. Accordingly, appellant has no enforceable interest in P.O.D. certificates properly closed 13 months prior to the death of Peebles.
 {¶ 20} Appellant contends that a beneficiary's rights cannot be eliminated if a P.O.D. account is wrongfully liquidated. In support of this argument, appellant first claims the liquidation of the P.O.D. was wrongful because it contravened Peebles' intention to provide for Grant and Roger Ferguson's education. We disagree.
 {¶ 21} First, appellant failed to present facts, or cite to case law, that showed the liquidation of proceeds from the P.O.D. certificates to provide for her maintenance was not in Peebles's best interest. Second, appellant failed to set forth facts evidencing Peebles's purported intent to create an irrevocable testamentary instrument in favor of the former beneficiaries. See In re Guardianship of Lombardo (1999),86 Ohio St.3d 600 (holding guardian should not be given authority to revoke an irrevocable voting trust because doing so substitutes the judgment of the probate court for that of a competent settlor"). In the absence of contrary evidence, we conclude that by establishing the P.O.D. certificates, Peebles intended to create a deposit for the benefit of another that was subject to withdrawal or revocation during her lifetime.
 {¶ 22} Appellant further argues the P.O.D. accounts were wrongfully liquidated because appellee Huntington Bank breached a duty owed to the former beneficiary to ascertain and inform the guardian as to the status of the accounts prior to their liquidation. We disagree. Appellant claims that, pursuant to the third paragraph of R.C. 2131.10, the liquidation of the P.O.D. certificates is invalid because appellee Huntington Bank failed to follow internal procedures when closing the accounts. The facts of this case do not support appellant's contention.
 {¶ 23} R.C. 2131.10 expressly grants the depositor-owner of a P.O.D. certificate the right to "both to withdraw the proceeds * * * in whole or in part, as though no beneficiary has been named, and to designate a change in beneficiary." In the following paragraph the General Assembly provided that: "[n]o change in the designation of the beneficiary shall be valid unless executed in the form and manner prescribed by the bank * * *."
 {¶ 24} Moreover, under R.C. 1339.04:
[A] person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive is not responsible for the proper application thereof by the fiduciary.
 {¶ 25} In reference to the instant case, we interpret R.C. 2131.10
to permit a depositor-owner to close the account and delete the beneficiary or to change the name of the beneficiary. (Emphasis added.) Furthermore, regardless of whether the certificates were liquidated in the best interest of Peebles, Huntington Bank owes no duty to the former beneficiary of a P.O.D. certificate liquidated prior to the death of the depositor-owner unless the bank is shown to not have acted honestly and in good faith. See Miller, at 179, n. 2 (holding a savings institution presented with letters of guardianship and request to change the designation of beneficiaries incurs no liability to former beneficiaries).
 {¶ 26} Appellee Lippert presented Huntington Bank with letters of Walsh's appointment and guardianship. Walsh properly requested a record of all accounts held by Huntington Bank solely in the name of Peebles. Walsh acted within her powers as guardian in withdrawing funds from two accounts later determined to be P.O.D. deposits. Appellant failed to set forth facts showing Huntington Bank failed to act honestly or in good faith when the bank released funds to the duly appointed guardian. We conclude that Walsh's closing of the P.O.D. accounts on behalf of Peebles constitutes a withdrawal of proceeds, in whole, as though no beneficiary had been named. Accordingly, we find appellant set forth no facts establishing a duty owed to the former beneficiaries by Huntington Bank prior to the death of Peebles.
 {¶ 27} For the foregoing reasons, we overrule appellant's first and second assignments of error.
 {¶ 28} In the third assignment of error, appellant claims the trial court erred in denying appellant's motion for leave to amend the complaint. We disagree.
 {¶ 29} The relevant provision of Civ.R. 15(A) provides:
A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party. Leave of court shall be freely given when justice so requires.
 {¶ 30} The decision to deny a motion for leave to amend a pleading is within the discretion of the trial court. DiPaolo v. DeVictor (1988),51 Ohio App.3d 166, 170. Consequently, the scope of our review is limited to determining whether the trial court abused its discretion. Wilmington Steel Products, Inc. v. Cleveland Elec. Illuminating Co. (1991),60 Ohio St.3d 120, 122. The Ohio Supreme Court set forth the test for determining whether the trial court abused its discretion in denying a motion for leave to amend a pleading in Peterson v. Teodosio (1973),34 Ohio St.2d 161, 175, and Wilmington, supra. The Ohio Supreme Court held the denial of a motion for leave to amend a complaint constitutes an abuse of discretion where the amended complaint that sets forth a claim upon which relief may be granted is timely filed "and no reason otherwise justifying denial of the motion is disclosed." Wilmington (citing Peterson, supra).
 {¶ 31} We conclude the trial court properly denied appellant's motion for leave to amend. The trial court properly found that the motion was not filed in a timely manner. Appellant filed her motion 10 months after the re-filing of the complaint and 16 months after the filing of the original complaint. Appellant filed her motion past the deadline for dispositive motions and four months before trial. We note that the trial court concluded that appellant's delay in filing the motion would result in prejudice to appellee Huntington Bank. The trial court observed further that appellant failed to provide any explanation for the untimeliness of her motion. We find the trial court did not abuse its discretion in denying appellant's motion for leave to amend the complaint because the motion was filed in an untimely fashion and the trial court otherwise justified the denial of the motion. Appellant's third assignment of error is overruled.
 {¶ 32} For the foregoing reasons, we overrule appellant's three assignments of error and the judgment of the trial court is affirmed.
Judgment affirmed.
BROWN and WATSON, JJ., concur.