OPINION JUDGMENT ENTRY
{¶ 1} This is an appeal from a decision of the Probate Court of Ashland County which determined that a certificate of deposit of the deceased which formerly contained a payable on death designation to Appellant was an asset of the Estate rather than that of Appellant.
 {¶ 2} The facts available indicate that the deceased, John A. Strang had funds on deposit at Bank One. On May 5, 1997, such funds were utilized to open a certificate of deposit at the Huntington Bank in the amount of $21,383.81 payable on death to Appellant.
 {¶ 3} At the time this action was taken, Appellant held a power of attorney from his now deceased father.
 {¶ 4} The briefs differ in the facts as to whether John A. Strang opened the certificate of deposit individually or whether Appellant utilized his power of attorney to create the certificate in the form stated.
 {¶ 5} On June 25, 1999, Janet Helbert, daughter of John A. Strang, was appointed guardian of the person and estate of John A. Strang after a determination of his incompetency.
 {¶ 6} The certificate's payable-on-death clause was deleted after the appointment of such guardian and on expiration of the original term it was renewed as a new certificate, but also without the payable on death designation.
 {¶ 7} Such funds were not needed by John A. Strang during his lifetime and existed at his death on February 18, 2002.
 {¶ 8} Under the Will of John A. Strang, Appellant was to receive a 155-acre farm and $10,000.00 with Janet Helbert and two other sisters being residual beneficiaries.
 {¶ 9} Appellant was originally appointed as Executor of the Estate of his father, but was removed after an evidentiary hearing due to allegations of financial misconduct. In his final account, the certificate of deposit in question was listed as an estate asset. He then filed a motion to delete such item from his account. An evidentiary hearing was held after which the court, while treating the motion as one in declaratory judgment, without objection, found such certificate to remain as an estate asset.
 {¶ 10} Two Assignments of Error are raised:
 ASSIGNMENTS OF ERROR {¶ 11} "I. The trial court erred in deciding that upon the death of the decedent, John A. Strang, the ownership of the certificate of deposit made by the decedent originally in the amount of $21,383.81 payable upon the death of John A. Strang to the named death beneficiary Ivan J. Strang, was in the estate of John A. Strang, deceased, not in that of the appellant.
 {¶ 12} "II. The trial court erred in deciding that janet helbert, guardian of the Estate of John A. Strang, an incompetent person, had the right to cancel the pay on death designation of said bank deposit without obtaining authority therefor from the ashland county probate court."
 I, II. {¶ 13} We shall address both Assignments of Error jointly as they are interrelated.
 {¶ 14} Appellant argues that Janet Helbert, as guardian, lacked authority, without court approval, to delete the payable-on-death designation as the funds were not needed for the care and support of John A. Strang. Also, he states that her action further violated her position as guardian in that, as a residual beneficiary, she benefited by the deletion of the payable-on-death clause.
 {¶ 15} As stated heretofore, a difference of opinion exists in the briefs as to whether the certificate was opened at the Huntington Bank by John A. Strang or by Appellant under the power of attorney he possessed. While the court found that the latter event occurred according to the testimony of Ms. Vines, a Huntington representative, her testimony is to the effect that she was not present when it was opened, but that the bank employee involved was Janet Kammer. Ms. Kammer was not called as a witness.
 {¶ 16} However, this misconstruction is not significant as the controlling legal issue is one of the authority by the guardian.
 {¶ 17} We dismiss the argument as to violation of the duties as a guardian due to partial benefit resulting as we reiterate the question is one of authority. Of course, if the record indicated that the certificate was opened under the power of attorney by Appellant, the same argument as to self dealing could be made, but this is not before us.
 {¶ 18} The court and Appellee relied on the Ohio Supreme Court's decision in Miller v. Peoples Federal Savings LoanAssociation (1981), 68 Ohio St.2d 175, which stated:
 {¶ 19} "Depositor of a payable-on-death account retains her rights to ownership and full control of such account during her lifetime; therefore, following a finding of incompetency, depositor's ownership rights passed to the legally appointed guardian of her estate, including the right to designate a change in the registration of that account. R.C. §§ 2111.14(B), 2131.10,2131.11."
 {¶ 20} Appellant finds the Miller case, supra, to be inapplicable as the inception of such case differs and that the amendment on April 1, 2002, by the Supreme Court to the effect that the text of a case, not merely the syllabus, is the stated law.
 {¶ 21} He also cites several cases including Friedrich v.BancOhio National Bank (1984), 14 Ohio App.3d 247, andDorfmeier, Gdn. v. Dorfmeier, Admr., 69 Abs. 15 (Probate Court 1954 Montgomery County) and Zuber v. Zuber (1952),93 Ohio App. 195.
 {¶ 22} First, the fact that the Supreme Court now considers the text of a case to be a statement of the law has no bearing as both the syllabus along with the text are controlling.
 {¶ 23} Also, the facts of the Miller case, supra, while originating as an action against the savings institution by the deleted beneficiaries under payable-on-death accounts altered by the guardian of the incompetent depositor are quite similar to the case sub judice and we find that it is controlling.
 {¶ 24} While the court did comment that the guardian had the authority "in the best interests of the ward", we fail to find any evidence presented as to the action not being in the best interest of Mr. Strang at the time of change other than his estate was substantially solvent at death. Also, the court determined, "At that time Mrs. Helbert did in fact remove the payable on death designation so that these funds would be available at the death of John A. Strang to pay necessary expenses and bills. There were in fact substantial bills after Mr. Strang's death considering the estate taxes which were owed." How the deletion of an after death designation affected the interests of Mr. Strang is not developed.
 {¶ 25} The Friedrich v. Bancohio, supra, case, involved a guardian attempting to terminate her ward's inter vivos trust purportedly on the basis of medical needs. However, the trust had liquid assets in excess of $40,000.00 and the trustee, in accordance with the trust provisions, on request, would have provided funds for medical care. The court drew a distinction between the facts presented and the holding of Miller v. PeoplesFederal Savings:
 {¶ 26} "As was stated in Miller, supra, the depositor retains an ownership right to change the beneficiary or withdraw the funds. In other words, legal title to the funds in the account remains with the depositor. Such is not the situation with an inter vivos trust, wherein a settlor out of necessity must convey the legal title to the trust res to the trustee so that the trustee may hold the property for the benefit of thecestui que trust. First Natl. Bank of Cincinnati v. Tenney(1956), 165 Ohio St. 513, 138 N.E.2d 15; First Natl. Bank ofMiddletown v. Gregory (1983), 13 Ohio App.3d 161,468 N.E.2d 739.
 {¶ 27} "By reserving a power of revocation, a settlor retains the right to reinvest himself with legal title at some point in the future. However, the power of revocation does not give the settlor the same ownership interest in the trust res as that which a depositor retains upon creating a P.O.D. account. In a P.O.D. account, the depositor-owner retains both the legal and equitable interests in the account. Also, the interest of a "beneficiary" in a P.O.D. account does not vest until the death of the owner. Eger v. Eger (1974), 39 Ohio App.2d 14,314 N.E.2d 394. Thus, a P.O.D. account does not encompass one of the fundamental essentials of a trust, namely, the separation of the legal estate from the equitable estate. See Hill v. Irons
(1953), 160 Ohio St. 21, 113 N.E.2d 243."
 {¶ 28} Dorfmeier, Gdn. v. Dorfmeier, Admr., supra, permitted the guardian of an incompetent spouse to exercise such ward's election to purchase the mansion house from her husband's estate. The ward would not only receive an income by such purchase, but she was liable on the mortgage on such residence. While the court, on Application for Authority, did state that the guardian was not the alter ego of the ward, statutory authority existed to grant the application. This case does not support Appellant's position.
 {¶ 29} Zuber v. Zuber, supra, was an attempt by a guardian to alter the payment method and beneficiaries on certain insurance policies obtained by her incompetent spouse solely for her own benefit. Again, this case is not pertinent to the issue in the case sub judice.
 {¶ 30} We therefore affirm the decision of Judge Vercillo at Appellant's costs and reject the Assignments of Error.
Wise, J., concurs separately.
Gwin, P.J., dissents.