EATON, APPELLEE, *v.* CALIG, APPELLANT; TURNER, APPELLEE.

(No. 82AP-216—Decided June 29, 1982.)

*Mr. David W. Burns,* for appellee.
*Calig & Waterman Co., L.P.A.,* and
*Mr. Harold L. Lawson,* for appellant.

NORRIS, J. Defendant-appellant, Samuel L. Calig, appeals from a judgment in the amount of $627.70 rendered against him in the Franklin County Municipal Court as the result of the granting of Linda S. Eaton's plaintiff-appellee's motion for summary judgment.

Calig, an attorney at law, represented defendant Bobby P. Turner, who purchased real property from plaintiff. Distribution of the purchase price having been agreed upon, plaintiff executed a deed for the property which was given to Calig who was to receive the purchase price from Turner, make the disbursements agreed upon (including $627.70 to plaintiff), and deliver the deed to Turner. Calig deposited the purchase price in the trust account of his law firm, Calig & Waterman Co., L.P.A., gave the deed to Turner, and then erroneously distributed from the account to Turner the $627.70 to which plaintiff was entitled.

Plaintiff sued both Calig and Turner when they refused to pay her the $627.70. Calig filed a cross-claim against Turner for that same amount. Calig moved for summary judgment on his cross-claim, attaching an affidavit which admitted that Turner had given him the money required by the closing statement; that Turner's money was deposited in the law firm trust account; that disbursements were made pursuant to the closing statement with the exception of a disbursement not having been made to plaintiff "[t]hrough inadvertence or oversight"; and that the money due plaintiff was instead disbursed to Turner.

Plaintiff then filed a motion for summary judgment contending that Calig was liable to her as the result of his having breached his fiduciary duties as a trustee, citing Calig's affidavit in support of her position.

The trial court granted Calig summary judgment against Turner, and granted plaintiff summary judgment against Calig. Only Calig appealed.

Calig raises a single assignment of error:

"Plaintiff's motion for summary judgment was improperly granted by the court below since genuine issue [*sic*] as to the material facts of this case clearly exist, and plaintiff is not entitled to judgment as a matter of law."

The assignment of error is not well taken. Summary judgment against Calig was proper in view of there being no genuine issue as to any material fact, and plaintiff's being entitled to judgment as a matter of law.

While it may be argued that an attorney who accepts funds from a purchaser of real property and a deed from the seller, with the understanding of all parties that he will deposit the funds in his trust account and from that account make the disbursements agreed upon by the buyer and seller and then deliver the deed to the buyer, is an agent-trustee of the funds and of the deed for the buyer and seller (1 Restatement of Trusts 2d, 38, Section 12(h); see *Squire* v. *Branciforti* [1936], 131 Ohio St. 344 [6 O.O. 59]), and that, having undertaken the duties of the trust the attorney is bound by its terms and will be liable if he pays the purchase money to one not authorized to receive payment (1 Restatement of Trusts

2d, 523, Section 226), a determination of whether or not a trust existed under the circumstances of this case is not necessary to the resolution of this appeal.

Calig admitted receiving a check for $6,879.67, which he caused to be cashed and deposited; that he was to make disbursements (by his check or by that of his firm) as indicated on the closing statement, including payment of $627.70 to plaintiff; and that, instead, he mistakenly disbursed an excessive amount to Turner and failed to make any disbursement to plaintiff. By accepting and cashing the purchase-money check, Calig undertook a duty to make the appropriate disbursements to the proper parties. The general principles which apply to a common law action for money had and received apply to the circumstances of this case. Calig received money, part of which rightfully belonged to plaintiff. He failed to make payment to plaintiff and mistakenly made payment to Turner. Payment to Turner did not discharge Calig's obligation to make payment to plaintiff although Calig did have a right to recover the money he mistakenly paid Turner.

The assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and McCORMAC, J., concur.