[Cite as *Kish v. Magyar*, 2016-Ohio-7355.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| JEFFERY L. KISH, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-A-0059** |
| JEFFREY R. MAGYAR, et al., | : | |
| Defendants-Appellees. | : | |

Civil Appeal from the Ashtabula County Court of Common Pleas, Case No. 2014 CV 437.

Judgment: Reversed and remanded.

*Jon L. Lindberg* and *Ryan M. Ellis*, 134 West 46th Street, P.O. Box 2300, Ashtabula, OH 44005-2300 (For Plaintiff-Appellant).

*Michelle M. French*, Law Offices of Michelle M. French, LLC, 28 West Jefferson Street, Jefferson, OH 44047 (For Defendants-Appellees).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Jeffery L. Kish, appeals the trial court's decision dismissing his complaint under Civ.R. 12(B)(6) and denying his subsequent motion for relief from judgment. For the following reasons, we reverse and remand.

{¶2} The following facts are derived solely from the documents attached to Kish's complaint pursuant to Civ.R. 10(D)(1) and that are "a part of the pleading for all purposes" per Civ.R. 10(C).

**{¶3}** Kish sold 36 acres of real estate known as 2468 Sodom Road, Orwell, Ohio 44076, parcel number 59-020-00-002-00 to appellees, Jeffrey and Mary Magyar ("Magyars"), in September of 2012. Kish originally agreed to sell the property to JPOL Trust, with Michelle French acting as trustee in the transaction, but the trust subsequently assigned the sale to the Magyars as purchasers via an addendum to the purchase contract executed by Kish, the Magyars, and the trustee. The first page of the real estate purchase agreement, under the heading "ADDITIONAL AGREEMENTS AND CONTINGENCIES" states: "Buyer to receive mineral, timber, and surface rights. Seller to collect bonus money paid by NELA. Subject to review of current lease and verification of release of original gas and oil lease." This section also includes additional handwritten information, which is illegible.

**{¶4}** Prior to entering this real estate purchase agreement, Kish entered into a lease with the Northcoast Environmental Landowners Association, LLC ("NELA") to lease the property's oil and gas rights in January of 2012 for a five-year period. This lease agreement provided that Kish was to receive a bonus of at least $2,110.00 per acre minus a 5.5% commission upon NELA's assignment of the lease to an oil and gas exploration and producing firm.

**{¶5}** The following language was included in the survivorship warranty deed recorded with Ashtabula County Recorder in September of 2012 following the Magyars purchase of the property:

**{¶6}** "The Grantor herein, on behalf of himself, his heirs and assigns, hereby reserves the right to be paid the 'Original Lease Bonus Payment' that might be paid in the future pursuant to an Oil and Gas Lease granted by Jeffery L. Kish to Northcoast

2

Environmental Landowners Association, LLC, on January 17, 2012, covering the lands subject to this Deed."

{¶7} On December 5, 2012, the Magyars entered an oil and gas lease agreement with Beland Energy, LLC ("Beland"), leasing the oil and gas rights associated with the property. The memorandum of this oil and gas lease agreement was recorded with the Ashtabula County Recorder on December 6, 2012.

{¶8} Thereafter, on December 18, 2012 a release of oil and gas lease between NELA and Kish was recorded with the Ashtabula County Recorder, stating in part that NELA releases and discharges all of its rights, title, and interest to the oil and gas rights to the 36 acres as leased to it by Jeffery L. Kish in January 2012.

{¶9} Kish filed suit against the Magyars asserting several causes of action. Specifically, he alleged that the Magyars breached their duty of good faith and fair dealing; converted his lease bonus payment; fraudulently induced him to enter the real estate purchase agreement; and that the Magyars were unjustly enriched by their receipt and retention of the lease bonus payment from Beland and that their wrongful actions warranted an accounting.[1]

{¶10} In response, the Magyars filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Kish filed a brief in opposition. The magistrate conducted a hearing on the motion and issued its decision granting the Magyar's motion to dismiss and dismissing Kish's complaint on July 8, 2015. Kish filed objections to the magistrate's decision, which were "dismissed" by the trial court judge based solely on Kish's failure to provide the transcript of proceedings or affidavit of evidence under Civ.R. 53(D)(3)(b)(iii) in support of his objections. This September 29, 2015 judgment

---

1. Kish does not appeal the trial court's dismissal of his claim for an accounting.

3

dismissed the objections, but did not state whether the court was adopting the magistrate's decision as required under Civ.R. 53(D)(4).

{¶11} Kish filed a motion for relief from judgment asking the trial court judge to consider the merits of his objections based on its erroneous application of Civ.R. 53(D)(3)(b)(iii) as "any other ground justifying relief from judgment" pursuant to Civ.R. 60(B)(5). The trial court overruled his motion for relief from judgment via its October 9, 2015 judgment entry. The judge again relied on Kish's failure to provide a transcript of the Civ.R.12(B)(6) hearing, explaining that the transcript was necessary because the magistrate's decision granting the motion to dismiss included factual findings.

{¶12} The trial court adopted the magistrate's decision in its October 9, 2015 judgment, but did not formally dismiss Kish's complaint. Thus, we remanded the case to the trial court for it to issue a final appealable order setting forth its disposition of the case. The trial court subsequently issued its amended judgment entry February 3, 2016, adopting and approving the magistrate's July 8, 2015 decision and dismissing the proceedings.

{¶13} Kish appeals, asserting four assignments of error:

{¶14} "The trial court committed prejudicial error in dismissing Count I of Kish's Complaint (Breach of Contract) by failing to consider the Magyars' breach of the contractual duty of good faith and fair dealing.

{¶15} "The trial court committed prejudicial error in dismissing Count III of Kish's Complaint (Promissory Fraud) by requiring Kish to prove all the elements of his claim at the pleading stage.

4

**{¶16}** "The trial court committed prejudicial error in summarily dismissing Count II (Conversion) and Count IV (Unjust Enrichment) of Kish's Complaint.

**{¶17}** "The trial court committed prejudicial error by incorrectly applying the legal standard for the filing of a transcript of the evidence under Civ.R.53(D)(3)(b)."

**{¶18}** We address Kish's arguments out of order for ease of analysis. His fourth assigned error challenges the trial court's denial of his motion for relief from judgment and its decision overruling his objections to the magistrate's decision that recommended dismissal of the case under Civ.R. 12(B)(6).

**{¶19}** A decision granting or denying a Civ.R. 60(B) motion is within the trial court's discretion and will only be reversed upon an abuse of discretion. *Sain v. Roo*, 10th Dist. Franklin No. 02AP-448, 2003-Ohio-626, ¶11; *Oberkonz v. Gosha*, 10th Dist. Franklin No. 02AP-237, 2002-Ohio-5572, ¶12. Further, issues that could have been raised in a direct appeal are not the proper bases for Civ.R. 60(B) relief. *Blasco v. Mislik*, 69 Ohio St.2d 684, 686, 433 N.E.2d 612 (1982); *Daroczy v. Lantz*, 10th Dist. Franklin No. 02AP-31, 2002-Ohio-5417, ¶34; *Kelm v. Kelm,* 73 Ohio App.3d 395, 399, 597 N.E.2d 535 (10th Dist.1992), affirmed, 68 Ohio St.3d 26, 1993 Ohio 56, 623 N.E.2d 39 (1993). Thus, because the issues raised herein are currently pending before us on appeal, they were not the proper subject for a motion for relief from judgment. *Id.* Moreover, the trial court's original judgment dismissing Kish's objections did not fully dispose of the case, but only dismissed Kish's objections. Thus, it was not a final appealable order subject to a motion under Civ.R. 60(B). *Settlers Bank v. Burton*, 4th Dist. Washington Nos. 11CA10, 11CA12, & 11CA14, 2012-Ohio-2418, ¶16 (holding that denial of Civ.R. 60(B) motion did not constitute a final, appealable order because the

5

trial court never entered a final judgment from which it could seek Civ.R. 60(B) relief.); *Bencin v. Bencin*, 9th Dist. Medina Nos. 10CA0097-M & 10CA0113-M, 2012-Ohio-4197, ¶11.

{¶20} Regardless, we reach the substance of Kish's argument underlying his Civ.R. 60(B) motion, i.e., that the trial court erroneously applied Civ.R. 53(D)(3)(b)(iii) in overruling his objections to the magistrate's decision, because this is the same reason for the trial court's decision overruling his objections, which is properly before us.

{¶21} Civ.R. 53(D)(3)(b)(iii) "Objection to magistrate's factual finding; transcript or affidavit" states,

{¶22} "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by *a transcript of all the evidence* submitted to the magistrate relevant to that finding or *an affidavit of that evidence* if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered.  The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause.  If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."  (Emphasis added.)

{¶23} The filing of a transcript pursuant to Civ.R. 53(D)(3)(b)(iii) is mandatory and is designed to ensure that the substance of a magistrate hearing is preserved for review.  The trial court must accept the magistrate's factual findings and limit its review

6

to the magistrate's legal conclusions if an objecting party fails to submit a transcript or affidavit. *Ross v. Cockburn*, 10th Dist. Franklin No. 07AP-967, 2008-Ohio-3522, ¶5.

**{¶24}** A court considering a motion to dismiss must accept as true all the material factual allegations of the complaint and construe all reasonable inferences from those facts in favor of the nonmoving party. *Garofalo v. Chicago Title Ins. Co.*, 104 Ohio App.3d 95, 104, 661 N.E.2d 218 (8th Dist.1995). Furthermore, a decision granting a motion to dismiss for failure to state a claim presents a question of law, which is reviewed de novo. *Schiavoni v. Steel City Corp.*, 133 Ohio App.3d 314, 317, 727 N.E.2d 967 (7th Dist.1999) citing *Cleveland Elec. Illum. Co. v. Pub. Util. Comm.*, 76 Ohio St.3d 521, 523, 668 N.E.2d 889 (1996).

**{¶25}** "'A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the pleading.' *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.* (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. * * * In resolving a Civ.R. 12(B)(6) motion, *courts are confined to the averments set forth in the complaint and cannot consider outside evidentiary materials.* In order for a court to grant a motion to dismiss for failure to state a claim, it must appear 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' *O'Brien v. University Community Tenants Union* (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753." (Emphasis added.)

**{¶26}** *Grange Mut. Cas. Co. v. Klatt*, 10th Dist. Franklin No. 96APE07-888, 1997 Ohio App. LEXIS 1125, at *10-12 (Mar. 18, 1997).

**{¶27}** "When a court dismisses a complaint pursuant to Civ.R. 12(B)(6), it makes no factual findings beyond its legal conclusion that the complaint fails to state a claim

7

upon which relief can be granted. Thus, the court does not assume the role of factfinder and has no duty to issue findings of fact and conclusions of law." *State ex rel. Drake v. Athens Cty. Bd. of Elections*, 39 Ohio St.3d 40, 41, 528 N.E.2d 1253 (1988) citing *Paramount Supply Co.* v. *Sherlin Corp.*, 16 Ohio App.3d 176, 180, 190, 475 N.E.2d 197 (1984) and Civ.R. 52. Thus, a decision granting a Civ.R. 12(B)(6) motion to dismiss does not implicate Civ.R. 53(D)(3)(b)(iii).

{¶28} The trial court explained its decision to employ Civ.R. 53(D)(3)(b)(iii) in overruling Kish's objections:

{¶29} "As noted in the July 8, 2015 Magistrate's Decision, the Magistrate 'considered the parties' arguments, exhibits, and previously filed briefs' in arriving at his Decision. At a bare minimum, Plaintiff's failure to provide this Court with a transcript of the May 20, 2015 hearing denied this Court the opportunity to consider any exhibits admitted during the hearing.

{¶30} "Moreover, the Court rejects Plaintiff's contention that he only objected to the Magistrate's legal conclusions. * * * For example, Plaintiff objected that the Magistrate 'failed to consider Defendants' obvious breach of their contractual duty * * *.' Here, Plaintiff is challenging the Magistrate's factual findings with regard to Defendant's alleged breach of contract.

{¶31} "A review of the Magistrate's Decision reveals that the Magistrate considered and weighed the factual allegations set forth in the Complaint to determine whether they were sufficient to withstand Defendants' Motion to Dismiss."

{¶32} However, because a Civ.R. 12(B)(6) motion to dismiss a complaint is a legal determination, based in part on the trial court's construction of the allegations in

8

the complaint in a light most favorable to the plaintiff, a trial court is not authorized to render factual findings based on the presentation of evidence at a hearing or otherwise. Here, the trial court misconstrued its duty to presume the allegations of fact as true under Civ.R. 12(B)(6) as making findings of fact in support of its decision. Accordingly, Civ.R. 53(D)(3)(b)(iii) was inapplicable, and as such, Kish's fourth assignment of error has merit.

{¶33} We collectively address Kish's first, second, and third assigned errors challenging the substance of the magistrate's decision recommending dismissal of the complaint based on Civ.R. 12(B)(6).

{¶34} An appellate court reviews Civ.R. 12(B)(6) dismissals de novo without deference and presumes that the factual allegations in the complaint are true, making all reasonable inferences in the plaintiff's favor. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶5; *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192, 532 N.E.2d 753 (1988); *LaMusga v. Summit Square Rehab, LLC*, 122 Ohio App.3d 378, 2015-Ohio-5305, 43 N.E.3d 504, ¶45 (2d Dist.)

{¶35} Under Ohio's liberal pleading rules, all that is required of a plaintiff bringing suit is "'(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled.'" *Ivancic v. Enos*, 11th Dist. Lake No. 2011-L-050, 2012-Ohio-3639, 978 N.E.2d 927, ¶42 quoting Civ.R. 8(A).

<u>Breach of Implied Duty of Good Faith and Fair Dealing</u>

{¶36} Kish first challenges the trial court's decision that he failed to state a viable claim for breach of the implied duty of good faith and fair dealing. The first claim in

9

Kish's complaint sets forth a cause of action for breach of contract and alleges that the Magyars breached the implied duty of good faith and fair dealing.

{¶37} "'[T]here is an implied duty of good faith and fair dealing in every contract.' *Am. Contractor's Indemn. Co. v. Nicole Gas Production, Ltd.*, 10th Dist. No. 07AP-1039, 2008-Ohio-5056, ¶13, citing *DVCC, Inc. v. Med. College of Ohio*, 10th Dist. No. 05AP-237, 2006-Ohio-945, ¶20. Good faith is a ""compact reference to an implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties."" *Interstate Gas Supply, Inc. v. Calex Corp.*, 10th Dist. No. 04AP-980, 2006-Ohio-638, ¶97, quoting *Ed Schory & Sons, Inc. v. Francis*, 75 Ohio St.3d 433, 443-44, 1996 Ohio 194, 662 N.E.2d 1074 (1996), quoting *Kham & Nate's Shoes No. 2, Inc. v. First Bank of Whiting*, 908 F.2d 1351, 1357 (C.A.7, 1990); and citing *Kirke La Shelle Co. v. Paul Armstrong Co.*, 263 N.Y. 79, 87, 188 N.E. 163 (N.Y.App.1933) (stating that "'in every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing'"). The duty of good faith ""emphasizes faithfulness to an agreed common purpose *and consistency with the justified expectations of the other party.*"" (Emphasis added.) *In re Progressive Medina Real Estate, L.L.C.*, 10th Dist. No. 11AP-141, 2012-Ohio-1071, ¶23, quoting *Littlejohn v. Parrish*, 163 Ohio App.3d 456, 2005-Ohio-4850, ¶26, 839 N.E.2d 49 (1st Dist.), quoting Restatement of the Law 2d, Contracts, Section 205, comment a (1981)."

**{¶38}** *Pertoria, Inc. v. Bowling Green State Univ.*, 10th Dist. Franklin Nos. 13AP-1033, 14AP-63, 2014-Ohio-3793, ¶22.

**{¶39}** Kish alleges that the Magyars breached the duty of good faith and fair duty based on their intentional circumvention of the terms of the parties' agreement. He claims that the Magyars purchased his real property, acknowledged Kish's right to the lease bonus payment, and then deceptively procured the lease bonus payment for themselves. Kish alleges that the Magyars paid NELA to break its lease agreement with him in spite of the fact that the Magyars and Kish agreed that Kish would retain this potential lease bonus payment in their real estate purchase agreement. Kish claims that he lost this potential lease bonus payment totaling more than $150,000. As outlined previously, Kish's allegations are bolstered by the timeline and facts as depicted in the documents attached to his complaint, including the real estate purchase agreement, Kish's gas and oil lease, and the Magyar's subsequent gas and oil lease with Beland. Although the parties' agreement did not *guarantee* that Kish was to receive this lease bonus payment, the agreement nevertheless contemplated that he would have an opportunity to obtain the benefit of the bonus.

**{¶40}** Thus, upon presuming Kish's allegations are true as dictated by Civ.R. 12(B)(6), we cannot find that he fails to state a claim for breach of the duty of good faith and fair dealing as a matter of law. Kish's allegations that the Magyars intentionally frustrated his opportunity for financial gain are sufficient to survive a Civ.R. 12(B)(6) motion to dismiss. Accordingly, Kish's first assigned error has merit.

<u>Fraudulent Inducement</u>

11

**{¶41}** Kish's second assignment of error challenges the disposal of his promissory fraud or fraudulent inducement claim under Civ.R. 12(B)(6). He alleges the trial court held him to an improperly high standard of proof at the pleading stage and essentially required him to prove all of the elements of his claim.

**{¶42}** In order to establish fraud, one must prove:

**{¶43}** "(1) a representation (or concealment of a fact when there is a duty to disclose) (2) that is material to the transaction at hand, (3) made falsely, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, and (4) with intent to mislead another into relying upon it, (5) justifiable reliance, and (6) resulting injury proximately caused by the reliance." *Volbers-Klarich v. Middletown Mgmt.*, 125 Ohio St.3d 494, 2010-Ohio-2057, 929 N.E.2d 434, ¶26 citing *Burr v. Stark Cty. Bd. of Commrs.*, 23 Ohio St.3d 69, 73, 23 Ohio B. 200, 491 N.E.2d 1101 (1986).

**{¶44}** Further, Civ.R. 9(B) provides that "[i]n all averments of fraud or mistake, *the circumstances constituting fraud* or mistake *shall be stated with particularity*. Malice, intent, knowledge, and other condition of mind of a person may be averred generally." (Emphasis added.)

**{¶45}** Kish's complaint alleges that the Magyars intentionally mislead him into selling his real property at a lower price than he would have based on the parties' inclusion of the condition that Kish was to maintain the benefit of receiving the potential lease bonus payment pursuant to his gas and oil lease with NELA. Kish claims to have relied on this representation to his detriment since the Magyars circumvented the agreed upon terms and improperly secured the release of his NELA lease thereby

eliminating his benefit of receiving the potential lease bonus payment. Kish likewise avers that the Magyars conditioned their decision to enter the real estate purchase agreement upon viewing Kish's lease agreement with NELA. Thereafter, the Magyars leased the oil and gas rights to Beland and the Magyars received a $153,000 lease bonus payment.

**{¶46}** Kish's complaint asserts in part, "Defendants' representations that [they] intended to provide Plaintiff with the lease bonus payment were false and done for the specific purpose of misleading Plaintiff and inducing Plaintiff into surrendering dominion and control over both the Real Estate and its oil and gas rights. * * * Defendants promised Plaintiff the reserved right to the bonus payment while, at the same time, intending to thwart Plaintiff's chance of receiving any benefit therefrom." Kish's allegations are supported, in part, by the contracts and agreements attached to Kish's complaint as outlined previously. Based on the foregoing, Kish's complaint pleads fraud with sufficient particularity, and as such, his second assigned error has merit.

### Conversion

**{¶47}** Kish's third assignment of error asserts that the trial court erred in summarily dismissing his claims for conversion and unjust enrichment. Again, our review requires us to presume that all of the allegations set forth in the complaint are true and determine whether the complaint fails to set forth a viable cause of action as a matter of law. Civ.R. 12(B)(6).

**{¶48}** In order to set forth a cause of action for conversion, one must allege that he has ownership or a right to possess the property at the time; that another wrongly converted or disposed of the property; and resulting damages. *KeyBank Nat'l Assoc. v.*

13

*Guarnieri & Secrest, P.L.L.*, 7th Dist. Columbiana No. 07 CO 46, 2008-Ohio-6362, ¶15. "Where an action for conversion is based on the conversion of cash, the action will 'only lie if "identification is possible and there is an obligation to deliver the specific money in question."'" (Citations omitted.) *Id.*

**{¶49}** Kish's conversion claim asserts that the Magyars wrongfully exercised control over the $153,000 lease bonus payment that he was entitled to receive and that he lost the benefit of this bonus payment as a result of the Magyar's wrongful taking of this money. Upon assuming that all of Kish's allegations are true, his complaint sets forth a conversion claim sufficient to survive a Civ.R. 12(B)(6) motion.

Unjust Enrichment

**{¶50}** To set forth an unjust enrichment claim, a plaintiff must allege: "'(1) a benefit conferred by a plaintiff upon a defendant, (2) knowledge by defendant of the benefit, and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment.'" *In re Estate of Bohl*, 12th Dist. Brown Nos. CA2015-01-005, CA2015-01-006, 2016-Ohio-637, ¶40 quoting *Aztec Int'l Foods, Inc. v. Duenas*, 12th Dist. Clermont No. CA2012-01-002, 2013-Ohio-450, ¶75.

**{¶51}** Kish alleges in his complaint that the Magyars benefitted from his sale of real estate at a low price, which was based on his retention of the possible NELA lease bonus payment. Kish also claims that the Magyars improperly and intentionally thwarted his opportunity to obtain this benefit contrary to their agreement. Kish asserts the Magyars improperly obtained their $153,000 lease bonus payment from Beland by deceptively securing the release of Kish's lease agreement with NELA.

{¶52} Presuming that these factual allegations are true, we cannot find that Kish fails to state a claim for unjust enrichment as a matter of law. Thus, Kish's third assigned error has merit since neither his conversion nor his unjust enrichment claim should have been dismissed under Civ.R. 12(B)(6).

{¶53} For the foregoing reasons, Kish's assigned errors have merit. The trial court's decision is reversed and the case is remanded.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.